CENTER FOR DISABILITY ACCESS
Isabel Masanque, Esq., SBN 292673
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**, | Case No. **'18CV0195 BEN NLS** |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |
| v. | |
| **Milan Kiser,** in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003; **Diana Kiser,** in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003; **Frank P. Rofail**; **David Matthew Taylor**; and Does 1-10, | |
| Defendants. | |

Plaintiff Chris Langer complains of Defendants Milan Kiser, in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003; Diana Kiser, in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable

1

Complaint

Trust dated August 19, 2003; Frank P. Rofail; David Matthew Taylor; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van and he has a Disabled Person Parking Placard issued to him by the State of California.

2. Defendant Milan Kiser, in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003, owned the real property located at or about 3002 Barnett Ave., San Diego, California, in September 2017.

3. Defendant Milan Kiser, in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003, owns the real property located at or about 3002 Barnett Ave., San Diego, California, currently.

4. Defendant Diana Kiser, in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003, owned the lot where the 1 Stop Smoke Shop and Gour Maine Lobster are on, the parking lot in front of the 1 Stop Smoke Shop and the parking lot beside Gour Maine Lobster located at or about 3002 Barnett Ave., San Diego, California, in September 2017.

5. Defendant Diana Kiser, in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003, owns the lot where the 1 Stop Smoke Shop and Gour Maine Lobster are on, the parking lot in front of the 1 Stop Smoke Shop and the parking lot beside Gour Maine Lobster located at or about 3002 Barnett Ave., San Diego,

Complaint

California, currently.

6. Defendant Frank P. Rofail owned the 1 Stop Smoke Shop located at or about 3002 Barnett Ave., San Diego, California, in September 2017.

7. Defendant Frank P. Rofail owns the 1 Stop Smoke Shop located at or about 3002 Barnett Ave., San Diego, California, currently.

8. Defendant David Matthew Taylor owned the Gour Maine Lobster located at or about 3002 Barnett Ave., San Diego, California, in September 2017.

9. Defendant David Matthew Taylor owns the Gour Maine Lobster located at or about 3002 Barnett Ave., San Diego, California, currently.

10. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

12. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act,

Complaint

which act expressly incorporates the Americans with Disabilities Act.

13. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

14. Plaintiff went to the 1 Stop Smoke Shop and Gour Maine Lobster in September 2017.

15. The 1 Stop Smoke Shop and Gour Maine Lobster are facilities open to the public, places of public accommodation, and business establishments.

16. Parking spaces are one of the facilities, privileges and advantages offered by Defendants to patrons of the 1 Stop Smoke Shop and Gour Maine Lobster.

17. However, there were no parking spaces marked and reserved for persons with disabilities at the 1 Stop Smoke Shop during plaintiff's visit.

18. Currently, there is not a single parking space marked and reserved for persons with disabilities at the 1 Stop Smoke Shop.

19. On information and belief, the plaintiff alleges that there used to be a parking space marked and reserved for persons with disabilities but the parking space has either been paved over or allowed to fade beyond recognition.

20. Defendants do not have any policies or procedures to maintain the parking lot. Because of this lack of maintenance, parking spaces reserved for persons with disabilities no longer exist.

21. Additionally, although parking spaces were one of the facilities specifically reserved for patrons, there were no compliant, accessible handicap parking spaces available for persons with disabilities at the Gour Maine Lobster that complied with the Americans with Disability Act

Complaint

Accessibility Guidelines (ADAAG) during plaintiff's visit.

22. The parking space reserved for persons with disabilities at the Gour Maine Lobster did not have a marked and reserved access aisle adjacent to the stall for use by persons with disabilities during plaintiff's visit.

23. Currently, the parking space reserved for persons with disabilities at the Gour Maine Lobster does not have a marked and reserved access aisle adjacent to the stall for use by persons with disabilities and there is no signage in front of the parking space ostensibly reserved for persons with disabilities.

24. Currently, there are no compliant, accessible parking spaces designed and reserved for persons with disabilities in the parking lot serving the Gour Maine Lobster.

25. The Defendants had no policy or plan in place to make sure that the parking space reserved for persons with disabilities remained useable prior to plaintiff's visit.

26. The Defendants have no policy or plan in place to make sure that the parking space reserved for persons with disabilities remain useable, currently.

27. Plaintiff personally encountered these barriers.

28. This inaccessible parking lot denied the plaintiff full and equal access and caused him difficulty and frustration.

29. Paths of travel are another one of the facilities, privileges, and advantages offered by Defendants to patrons of the Gour Maine Lobster.

30. Meanwhile, even plaintiff did not personally confront the barrier, due to the configuration of the Gour Maine Lobster, some paths of travel were less than 36 inches in width. In fact, some paths of travel are narrowed to 32 inches wide.

31. Currently, due to the configuration of the Gour Maine Lobster, some paths pf travel are less than 36 inches in width.

32. Transaction counters are also one of the facilities, privileges, and

Complaint

advantages offered by Defendants to patrons of the 1 Stop Smoke Shop.

33. The transaction counter at the 1 Stop Smoke Shop was more than 36 inches in height. In fact, the transaction counter is 40 inches high.

34. There was no lowered, 36 inch portion of the transaction counter at the 1 Stop Smoke Shop for use by persons in wheelchairs.

35. Currently, the transaction counter at the 1 Stop Smoke Shop is more than 36 inches in height.

36. Currently, there is no lowered, 36 inch portion of the transaction counter at the 1 Stop Smoke Shop for use by persons in wheelchairs.

37. Plaintiff would like to return and patronize the 1 Stop Smoke Shop and Gour Maine Lobster but will be deterred from visiting until the defendants cure the violations.

38. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

39. For example, there are numerous paint/stripe companies that will stripe a parking stall and access aisle and install proper signage on short notice and for a modest price, sometimes as low as $300, in full compliance with federal and state access standards.

40. Another common barrier removal project is modifying transaction counters to make a portion of the counter accessible. This is a simple construction task, well within the capabilities of any general contractor. The task can be completed easily and for a modest price.

41. Plaintiff is and has been deterred from returning and patronizing the 1 Stop Smoke Shop and Gour Maine Lobster because of his knowledge of the

Complaint

illegal barriers that exist. Plaintiff will, nonetheless, return to the business to assess ongoing compliance with the ADA and will return to patronize the 1 Stop Smoke Shop and Gour Maine Lobster as a customer once the barriers are removed.

42. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to her disability removed regardless of whether he personally encountered them).

43. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because, had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

44. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

45. Under the ADA, it is an act of discrimination to fail to ensure that the

privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

46. Any business that provides parking spaces must provide a sufficient number of accessible parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. The required minimum number of accessible parking spaces is dependent on the total number of parking spaces available. *Id.* According to the 1991 Standards, if a parking lot has 1-25 spaces, it must have at least 1 accessible parking space. 1991 Standards § 4.1.2(5)(a). And 1 in every 8 of

those accessible parking spaces, but not less than 1, must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, a parking lot with 1-25 spaces must have at least 1 accessible space and 1 of them must be van accessible. 2010 Standards § 208.2 & § 208.2.4.

47. Here, the failure to provide accessible parking spaces at the 1 Stop Smoke Shop is a violation of the ADA.

48. Each accessible parking stall must have an access aisle adjacent to it. Standard accessible parking stalls can have a 60 inch wide access while van accessible stalls must have a 96 inch wide access aisle. 1991 Standards § 4.1.2 (5) (a) & (b) and 2010 Standards § 502.2. The access aisle must extend the full length of the parking spaces it serves. *Id.* at § 502.3.2.

49. Here, the failure to have an access aisle at the Gour Mine Lobster disabled parking space is a violation of the ADA.

50. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those accessible parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

51. Here, the lack of an accessible parking space at the Gour Mine Lobster is a violation of the law.

52. Shelves and display units allowing self-service by customers at stores must be located on an accessible route. 1991 Standards § 4.1.3(12)(b). An accessible route must be at least 36 inches in width. 1991 Standards § 4.3.3.

53. Here, the failure to provide accessible paths of travel in and throughout the merchandise aisles of the Gour Maine Lobster is a violation of the law.

54. In areas used for transactions where counters have cash registers and

are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

55. Here, no such accessible transaction counter at the 1 Stop Smoke Shop has been provided in violation of the ADA.

56. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

57. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

58. Given its location and options, plaintiff will continue to desire to patronize the 1 Stop Smoke Shop and Gour Maine Lobster but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

59. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

60. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ.

Complaint

Code § 51(f), 52(a).)

61. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: January 19, 2018          CENTER FOR DISABILITY ACCESS

By: _____*Isabel P. M*_____
Isabel Masanque, Esq.
Attorney for Plaintiff

11

Complaint