Richard A. Higgins, Esq., SBN# 115736
THE LAW OFFICES OF RICHARD A. HIGGINS
2560 Alpine Boulevard, Suite 1
Alpine, CA  91901
(619) 445-4999
(619) 445-4917 fax

Attorney for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRIS LANGER**<br><br>        Plaintiff,<br><br>v.<br><br>**MILAN KISER, in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003; DIANA KISER, in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003; FRANK P. ROFAIL; DAVID MATHEW TAYLOR and DOES 1 THROUGH 10**<br><br>        Defendants. | **CASE NO.  18 CV 0195 BEN NLS**<br><br><br>**DEFENDANTS, FRANK P. ROFAIL AND DAVID MATTHEW TAYLOR'S ANSWER TO PLAINTIFF'S COMPLAINT.** |

   DEFENDANTS,  **FRANK P. ROFAIL; DAVID MATHEW TAYLOR**, separating themselves from all other Defendants and for their Answer to the on file herein, admit, deny, plead, allege, and otherwise reply as follows:

**PARTIES:**

   1.   Answering paragraph number 1, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph and, on that basis, deny generally and specifically, each and every allegation contained therein.

2.      Answering paragraph number 2, on information and belief, Defendants admit that MILAN KISER was the owner and/or lessor of the property located at 3002 Barnett Ave., San Diego, California, in September 2017.  Except as admitted herein, Defendants lack information and belief sufficient to enable them to respond to the remaining allegations contained in this paragraph and, on that basis, deny generally and specifically, each and every allegation contained therein.

3.      Answering paragraph number 3, on information and belief, Defendants admit that MILAN KISER is the owner and/or lessor of the property located at 3002 Barnett Avd., San Diego, California, in September 2017.  Except as admitted herein, Defendants lack information and belief sufficient to enable them to respond to the remaining allegations contained in this paragraph and, on that basis, deny generally and specifically, each and every allegation contained therein.

4.      Answering paragraph number 4, on information and belief, Defendants admit that DIANA KISER was the owner and/or lessor of the property located at 3002 Barnett Avd., San Diego, California, in September 2017.  Except as admitted herein, Defendants lack information and belief sufficient to enable them to respond to the remaining allegations contained in this paragraph and, on that basis, deny generally and specifically, each and every allegation contained therein.

5.      Answering paragraph number 5, on information and belief, Defendants admit that DIANA KISER was the owner and/or lessor of the property located at 3002 Barnett Avd., San Diego, California, in September 2017.  Except as admitted herein, Defendants lack information and belief sufficient to enable them to respond to the remaining allegations contained in this paragraph and, on that basis, deny generally and specifically, each and every allegation contained therein.

6.      Answering paragraph number 6, Defendants admit that Frank P. Rofail owned the 1 Stop Smoke Shop located at 3002 Barnett Ave., San Diego, California,, in September 2017.

Chris Langer v. Milan Kiser et al.
Case No.18CV0195 BEN NLS
Rofil and Taylor's Answer to Complaint           2

7.     Answering paragraph number 7, Defendants admit that Frank P. Rofail owns the 1 Stop Smoke Shop located at 3002 Barnett Ave., San Diego, California.

8.     Answering paragraph number 8, Defendants admit that David Matthew Taylor owned the Gour Main Lobster located at 3002 Barnett Ave., San Diego, California,, in September 2017.

9.     Answering paragraph number 9, Defendants admit that David Matthew Taylor owns the Gour Main Lobster located at 3002 Barnett Ave., San Diego, California.

10.    Answering paragraph number 10, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph and, on that basis, deny generally and specifically, each and every allegation contained therein.  Should Plaintiffs amend their complaint whereby Defendants Does 1 through 10 identities can be asserted, Defendants, if required, will amend their answer thereto.

**JURISDICTION AND VENUE:**

11.    Answering paragraph number 11, Defendants admit to the District Court's subject matter jurisdiction over claims arising out of alleged violations of the Americans with Disabilities Act of 1990.

12.    Answering paragraph number 12, Defendants **admit** to the District Court's supplemental jurisdiction over state claims pursuant to 28 USC § 1367(a) but **deny** that such supplemental jurisdiction exists on the facts of the case or that the causes of action arose from a common nucleus of operative facts, as Defendants deny Plaintiff was denied full and equal access to Defendants' facilities.

13.    Answering paragraph number 13, Defendants **admit** that venue is proper in this court based on facts as alleged in the complaint.

**ANSWERING THE PLAINTIFFS ALLEGATIONS:**

14.    Answering paragraph number 14, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that

Chris Langer v. Milan Kiser et al.
Case No.18CV0195 BEN NLS
Rofil and Taylor's Answer to Complaint         3

basis deny these allegations.

15. Answering paragraph number 15, Defendants admit their business are "business establishments" and operate as a public accommodation. Defendants allege they are open to the public on a selective and limited basis.

16. Answering paragraph number 16, Defendants deny the allegations herein. Defendants have no control over the parking spaces; the use thereof, or their markings.

17. Answering paragraph number 17, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis deny these allegations.

18. Answering paragraph number 18, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis deny these allegations. Defendant denies these allegations.

19. Answering paragraph number 19, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis deny these allegations.

20. Answering paragraph number 20, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis deny these allegations. These answering Defendants have no control of the parking lot or spaces.

21. Answering paragraph number 21, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis deny these allegations. These answering Defendants have no control of the parking lot or spaces.

22. Answering paragraph number 22, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis deny these allegations. These answering Defendants have no control of the parking lot or

Chris Langer v. Milan Kiser et al.
Case No.18CV0195 BEN NLS
Rofil and Taylor's Answer to Complaint                    4

spaces.

23. Answering paragraph number 23, Defendant lacks information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis deny these allegations. Defendants have not control of the parking lot or spaces.

24. Answering paragraph number 24, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis deny these allegations. These answering Defendants have no control of the parking lot or spaces.

25. Answering paragraph number 25, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis deny these allegations. These answering Defendants have no control of the parking lot or spaces.

26. Answering paragraph number 26, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis deny these allegations. These answering Defendants have no control of the parking lot or spaces.

27. Answering paragraph number 27, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis deny these allegations.

28. Answering paragraph number 28, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis deny these allegations.

29. Answering paragraph number 29, Defendants deny these allegations.

30. Answering paragraph number 30, Defendants deny these allegations. Defendants state they have taken reasonable steps to provide reasonable access to the extent they were readily achievable.

Chris Langer v. Milan Kiser et al.
Case No.18CV0195 BEN NLS
Rofil and Taylor's Answer to Complaint      5

1    31.    Answering paragraph number 31, Defendants deny these allegations. Defendants state they have taken reasonable steps to provide reasonable access to the extent they were readily achievable.

     32.    Answering paragraph number 32, Defendants deny these allegations. Defendants state they have taken reasonable steps to provide reasonable access to the extent they were readily achievable.

     33.    Answering paragraph number 33, Defendants deny these allegations. Defendants state they have taken reasonable steps to provide reasonable access to the extent they were readily achievable.

     34.    Answering paragraph number 34, Defendants deny these allegations. Defendants state they have taken reasonable steps to provide reasonable access to the extent they were readily achievable.

     35.    Answering paragraph number 35, Defendants deny these allegations. Defendants state they have taken reasonable steps to provide reasonable access to the extent they were readily achievable.

     36.    Answering paragraph number 36, Defendants deny these allegations.

     37.    Answering paragraph number 37, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis deny these allegations.

     38.    Answering paragraph number 38, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis deny these allegations.

     39.    Answering paragraph number 39, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis deny these allegations. Defendants state they have taken reasonable steps to provide reasonable access to the extent they were readily achievable.

Chris Langer v. Milan Kiser et al.
Case No.18CV0195 BEN NLS
Rofil and Taylor's Answer to Complaint          6

40. Answering paragraph number 40, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis deny these allegations. Defendants state they have taken reasonable steps to provide reasonable access to the extent they were readily achievable.

41. Answering paragraph number 41, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis deny these allegations. Defendants state they have taken reasonable steps to provide reasonable access to the extent they were readily achievable.

42. Answering paragraph number 42, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis deny these allegations. Defendants state they have taken reasonable steps to provide reasonable access to the extent they were readily achievable.

43. Answering paragraph number 43, Defendants deny these allegations.

**ANSWERING THE FIRST CAUSE OF ACTON**

44. Answering paragraph number 44, Defendant repleads and incorporates by reference, as if fully set forth again herein, the answers, allegations or defenses contained in all prior paragraphs of this complaint.

45. Answering paragraph number 45, Defendants admit these allegations.

46. Answering paragraph number 46, Defendants admit these allegations.

47. Answering paragraph number 47, Defendants deny these allegations.

48. Answering paragraph number 46, Defendants admit these allegations.

49. Answering paragraph number 47, Defendants deny these allegations.

50. Answering paragraph number 50, Defendants admit these allegations.

51. Answering paragraph number 51, Defendants deny these allegations.

52. Answering paragraph number 52, Defendants admit these allegations.

53. Answering paragraph number 53, Defendants deny these allegations.

Chris Langer v. Milan Kiser et al.
Case No.18CV0195 BEN NLS
Rofil and Taylor's Answer to Complaint            7

54. Answering paragraph number 54, Defendants admit these allegations.

55. Answering paragraph number 55, Defendants deny these allegations.

56. Answering paragraph number 56, Defendants admit these allegations.

57. Answering paragraph number 57, Defendants deny these allegations.

58. Answering paragraph number 58, Defendants lack information and belief sufficient to enable them to respond to the allegations contained in this paragraph, and on that basis deny these allegations.

**ANSWERING THE SECOND CAUSE OF ACTON**

59. Answering paragraph number 59, Defendants replead and incorporate by reference, as if fully set forth again herein, the answers, allegations or defenses contained in all prior paragraphs of this complaint.

60. Answering paragraph number 60, Defendants deny these allegations.

61. Answering paragraph number 61, Defendants deny these allegations.

**AS A FIRST AFFIRMATIVE DEFENSE TO
THE COMPLAINT AND TO EACH AND EVERY CAUSE
OF ACTION THEREIN, DEFENDANTS ALLEGE:**

1. By the exercise of reasonable effort, Plaintiffs could have mitigated the amount of damages, if any, as alleged in the Complaint, but Plaintiffs failed to, refused and continue to refuse to exercise reasonable efforts to mitigate damages.

**AS AN SECOND AFFIRMATIVE DEFENSE TO
THE COMPLAINT AND TO EACH AND EVERY CAUSE
OF ACTION THEREIN, DEFENDANTS ALLEGE:**

2. The Complaint and each and every cause of action therein fails to allege sufficient facts to constitute a cause of action against these answering Defendants.

**AS A THIRD AFFIRMATIVE DEFENSE TO
THE COMPLAINT AND TO EACH AND EVERY CAUSE
OF ACTION THEREIN, DEFENDANTS ALLEGE:**

3. Plaintiff's Complaint is barred in whole or in part by reason of Plaintiff's acts or omissions and/or the contributory conduct of Plaintiff and such proximately caused or

Chris Langer v. Milan Kiser et al.
Case No.18CV0195 BEN NLS
Rofil and Taylor's Answer to Complaint         8

contributed to the injuries and damages, if any, claimed by Plaintiff.

**AS A FOURTH AFFIRMATIVE DEFENSE TO
THE COMPLAINT AND TO EACH AND EVERY
CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE:**

4. Acts or omissions of others than these answering Defendants constitute intervening or superseding causes of Plaintiff's injury or damages, if any.

**AS A FIFTH AFFIRMATIVE DEFENSE TO
THE COMPLAINT AND TO EACH AND EVERY
CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE:**

5. Plaintiff and Plaintiff's agents are guilty of bad faith conduct in the prosecution, handling, and management of the matters referred to in Plaintiff's Complaint. Plaintiff's recovery, if any, should be reduced by the amount such bad faith conduct caused or contributed to the damages, if any, claimed by Plaintiff.

**AS A SIXTH AFFIRMATIVE DEFENSE TO
THE COMPLAINT AND TO EACH AND EVERY
CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE:**

6. Defendants alleges that Plaintiffs were engaged in conduct with respect to the property, contract and activities which are the subject of the complaint, as well as to said defendants, that estops Plaintiffs from asserting any claim for damages or seeking any other relief from Defendants.

**AS A SEVENTH AFFIRMATIVE DEFENSE TO
THE COMPLAINT AND TO EACH AND EVERY
CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE:**

7. These answering Defendants allege that the conduct of Defendants and their agents and employees, in connection with the damages alleged, which damage is denied, and all matters alleged and complained of, was reasonable, and the conduct of Plaintiff in relation thereto was unreasonable.

**WHEREFORE,** Defendants, FRANK P. ROFAIL and DAVID MATTHEW TAYLOR pray, on each and every cause of action, as follows:

1. That Plaintiff take nothing against this Defendant by way of their complaint;

Chris Langer v. Milan Kiser et al.
Case No.18CV0195 BEN NLS
Rofil and Taylor's Answer to Complaint          9

2.	That this Court grant Judgment in favor of this Defendant and against Plaintiff, jointly and severally;

3.	That this Defendant be awarded its costs of litigation, including reasonable attorneys' fees expended in defending the allegations against them; and

4.	That these Defendants also be awarded such additional and further relief as they may be entitled and which this Court deems just and proper, including such sums as may be available pursuant to FRCP, Rule 11.

Dated: March 23, 2018

                                          THE LAW OFFICES OF RICHARD A. HIGGINS

                                          /s/

_____
Richard A. Higgins, Esq.
Attorney for Defendants:
FRANK P. ROFAIL and DAVID MATTHEW TAYLOR

Chris Langer v. Milan Kiser et al.
Case No.18CV0195 BEN NLS
Rofil and Taylor's Answer to Complaint		10