Samy S. Henein, Esq. (#171356)
SUPPA, TRUCCHI & HENEIN, LLP.
3055 India Street
San Diego, CA  92103-6013
Telephone No. (619) 297-7330

Attorneys for DIANA KISER and MILAN
KISER INDIVIDUALLY AND AS TRUSTEES
OF THE MILAN AND DIANA KISER
REVOCABLE TRUST DATED AUGUST 19,
2003

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chris Langer, | ) Case No.: 18-CV0195-BEN-NLS |
| Plaintiff, | ) |
| | ) **DECLARATION OF SAMY HENEIN IN** |
| v. | ) **SUPPORT OF MOTION FOR LEAVE TO** |
| | ) **FILE FIRST AMENDED ANSWER AND** |
| | ) **COUNTERCLAIM BY DEFENDANTS** |
| Milan Kiser, in individual and representative | ) **MILAN KISER AND DIANA KISER,** |
| capacity as trustee of the Milan and Diana Kiser | ) **INDIVIDUALLY AND AS TRUSTEES** |
| Revocable Trust dated August 19, 2003; Diana | ) **OF THE MILAN AND DIANA KISER** |
| Kiser, in individual and representative capacity | ) **REVOCABLE TRUST DATED AUGUST** |
| as trustee of the Milan and Diana Kiser | ) **19, 2003** |
| Revocable Trust dated August 19, 2003;Frank P. | ) |
| Rofail; David Matthew Taylor; and Does | ) DATE: July 9, 2018 |
| 1-10, | ) TIME: 10:30 A.M. |
| Defendants. | ) CRTRM: 5A |
| | ) |
| _____ | ) Hon. Roger T. Benitez |

I, SAMY S. HENEIN, declare and state as follows:

        1.      I am an attorney duly licensed to practice law before all courts of the State of

California, and am a member of SUPPA, TRUCCHI & HENEIN, LLP, attorneys or Plaintiff.

        2.      If called upon to testify in this action, as to the matters set forth in this declaration,

I could and would competently testify thereto, since the facts herein set forth are personally known

Declaration

to me to be true.

   3. This Declaration is respectfully submitted in support of Defendants' Motion for Leave to Amend Answer and Add First Counterclaim for Trespass.   This motion is made on the grounds that the Scheduling Order requires amended pleadings to be filed by June 11, 2018.

   4. Attached hereto as Exhibit A is a true and correct copy of the Scheduling Order issued by Hon. Nita L. Stormes.

   5. Attached hereto as Exhibit B is a true and correct copy of the Proposed First Amended Answer and Counterclaim By Defendants Milan and Diana Kiser, Individually and as Trustees of the Milan and Diana Kiser Revocable Trust Dated August 19, 2003.

   6. Attached hereto as Exhibit C is a true and correct copy of a version of the proposed amended pleading that shows how the proposed amended pleading differs from the operative pleading.

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this day at San Diego, California.

             **SUPPA, TRUCCHI & HENEIN, LLP**

Dated: June 4, 2018       By:_____/s/ Samy Henein_____
              Samy S. Henein, Esq.
              Attorney for Defendants

Declaration

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>                                Plaintiff,<br><br>v.<br><br>MILAN KISER, in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003; DIANA KISER, in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003; FRANK P. ROFAIL; DAVID MATTHEW TAYLOR; and DOES 1-10,<br><br>                                Defendants. | Case No.:  18cv195-BEN (NLS)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Rule 16.1(d) of the Local Rules, an Early Neutral Evaluation/Case Management Conference was held on **May 10, 2018**.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

    1.      Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **June 11, 2018**.

2.      All fact discovery shall be completed by all parties by **October 22, 2018**.
"Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil
Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period
of time in advance of the cut-off date, **so that it may be completed** by the cut-off date,
taking into account the times for service, notice and response as set forth in the Federal
Rules of Civil Procedure.  **Counsel shall promptly and in good faith meet and confer
with regard to all discovery disputes in compliance with Civil Local Rule 26.1(a).**
The Court expects counsel to make every effort to resolve all disputes without court
intervention through the meet and confer process.   If the parties reach an impasse on any
discovery issue, counsel shall file an appropriate motion within the time limit and
procedures outlined in the undersigned magistrate judge's chambers rules.  **A failure to
comply in this regard will result in a waiver of a party's discovery issue.  Absent an
order of the court, no stipulation continuing or altering this requirement will be
recognized by the court.**

3.      The parties shall designate their respective experts in writing by **November
19, 2018**.  Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), the parties must
identify any person who may be used at trial to present evidence pursuant to Rules 702,
703 or 705 of the Federal Rules of Evidence.  This requirement is not limited to retained
experts.  The date for exchange of rebuttal experts shall be by **December 10, 2018**.  The
written designations shall include the name, address and telephone number of the expert
and a reasonable summary of the testimony the expert is expected to provide.  The list
shall also include the normal rates the expert charges for deposition and trial testimony.

4.      By **November 19, 2018**, each party shall comply with the disclosure
provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This
disclosure requirement applies to all persons retained or specially employed to provide
expert testimony, or whose duties as an employee of the party regularly involve the
giving of expert testimony.  **Except as provided in the paragraph below, any party
that fails to make these disclosures shall not, absent substantial justification, be**

2

18cv195-BEN (NLS)

1 **permitted to use evidence or testimony not disclosed at any hearing or at the time of**

2 **trial.  In addition, the Court may impose sanctions as permitted by Federal Rule of**

3 **Civil Procedure 37(c).**

4      5.    Any party shall supplement its disclosure regarding contradictory or rebuttal

5 evidence under Federal Rules of Civil Procedure 26(a)(2)(D) and 26(e) by **December 10,**

6 **2018**.

7      6.    All expert discovery shall be completed by all parties by **January 28, 2019**.

8 The parties shall comply with the same procedures set forth in the paragraph governing

9 fact discovery.  Failure to comply with this section or any other discovery order of the

10 court may result in the sanctions provided for in Federal Rule of Civil Procedure 37,

11 including a prohibition on the introduction of experts or other designated matters in

12 evidence.

13      7.    All other pretrial motions must be filed by **February 28, 2019**.  Counsel for

14 the moving party must obtain a motion hearing date from the law clerk of the judge who

15 will hear the motion.  The period of time between the date you request a motion date and

16 the hearing date may vary from one district judge to another.  Please plan accordingly.

17 Failure to make a timely request for a motion date may result in the motion not being

18 heard.  Deadlines for filing motions in limine will be set by the district judge at the final

19 Pretrial Conference.

20      8.    When filing a Motion for Summary Judgment and/or Adjudication, the

21 parties need not file a separate statement of material facts absent prior leave of court.

22      9.    A Mandatory Settlement Conference shall be conducted on **May 7, 2019** at

23 **2:30 p.m.** in the chambers of **Magistrate Judge Nita L. Stormes**.  Counsel or any party

24 representing himself or herself shall lodge confidential settlement briefs directly to

25 chambers by **April 30, 2019**.  All parties are ordered to read and to fully comply with the

26 Chamber Rules of the assigned magistrate judge.

27      10.    For bench trials before the Honorable Roger T. Benitez, counsel shall file

28 their Memoranda of Contentions of Fact and Law and take any other action required by

3

1    Civil Local Rule 16.1(f)(2) by **June 3, 2019**. *(OR - In jury cases:)*  In jury trial cases

2    before the Honorable Roger T. Benitez, neither party, unless otherwise ordered by the

3    Court, is required to file Memoranda of Contentions of Fact and Law pursuant to Civil

4    Local Rule 16.1(f)(2).

5          11.    Counsel shall comply with the pre-trial disclosure requirements of Federal

6    Rule of Civil Procedure 26(a)(3) by **June 3, 2019**.  Failure to comply with these

7    disclosure requirements could result in evidence preclusion or other sanctions under

8    Federal Rule of Civil Procedure 37.

9          12.    Counsel shall meet and take the action required by Civil Local Rule

10   16.1(f)(4) by **June 10, 2019**.  At this meeting, counsel shall discuss and attempt to enter

11   into stipulations and agreements resulting in simplification of the triable issues.  Counsel

12   shall exchange copies and/or display all exhibits other than those to be used for

13   impeachment.  The exhibits shall be prepared in accordance with Civil Local Rule

14   16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial

15   Disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel shall cooperate in

16   the preparation of the proposed pretrial conference order.

17         13.    Counsel for plaintiff will be responsible for preparing the pretrial order and

18   arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **June 17,**

19   **2019**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order

20   for review and approval.  Opposing counsel must communicate promptly with plaintiff's

21   attorney concerning any objections to form or content of the pretrial order, and both

22   parties shall attempt promptly to resolve their differences, if any, concerning the order.

23         14.    The Proposed Final Pretrial Conference Order, including objections to any

24   other parties' Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures shall be

25   prepared, served and lodged with the assigned district judge by **June 24, 2019**, and shall

26   be in the form prescribed in and comply with Civil Local Rule 16.1(f)(6).

27         15.    The final Pretrial Conference is scheduled on the calendar of the **Honorable**

28   **Roger T. Benitez** on **July 1, 2019** at **10:30 a.m.**.

4

16.    The parties must review the chambers' rules for the assigned district judge and magistrate judge.

17.    A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

18.    The dates and times set forth herein will not be modified except for good cause shown.

19.    Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

20.    Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  May 10, 2018

Hon. Nita L. Stormes
United States Magistrate Judge

5

# EXHIBIT B

Samy S. Henein, Esq. (#171356)
SUPPA, TRUCCHI & HENEIN, LLP.
3055 India Street
San Diego, CA  92103-6013
Telephone No. (619) 297-7330

Attorneys for DIANA KISER and MILAN
KISER INDIVIDUALLY AND AS TRUSTEES
OF THE MILAN AND DIANA KISER
REVOCABLE TRUST DATED AUGUST 19,
2003

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Chris Langer, | ) Case No.: 18-CV0195-BEN-NLS |
| Plaintiff, | ) **[PROPOSED] FIRST AMENDED** |
| v. | ) **ANSWER AND COUNTERCLAIM BY** |
| | ) **DEFENDANTS MILAN KISER AND** |
| Milan Kiser, in individual and representative | ) **DIANA KISER, INDIVIDUALLY AND** |
| capacity as trustee of the Milan and Diana Kiser | ) **AS TRUSTEES OF THE MILAN AND** |
| Revocable Trust dated August 19, 2003; Diana | ) **DIANA KISER REVOCABLE TRUST** |
| Kiser, in individual and representative capacity | ) **DATED AUGUST 19, 2003** |
| as trustee of the Milan and Diana Kiser | ) |
| Revocable Trust dated August 19, 2003;Frank P. | ) |
| Rofail; David Matthew Taylor; and Does | ) **JURY TRIAL DEMANDED** |
| 1-10, | ) |
| Defendants. | ) |
| _____ | ) Hon. Roger T. Benitez |
| Milan and Diana Kiser as Trustees of the Milan | ) |
| and Diana Kiser Revocable Trust dated August | ) |
| 19, 2003, | ) |
| | ) |
| Counterclaimaints, | ) |
| v. | ) |
| | ) |
| Chris Langer; and Roes 1-20, | ) |
| | ) |
| Counterclaim Defendants. | ) |
| _____ | ) |

1

Defendants DIANA KISER and MILAN KISER INDIVIDUALLY AND AS TRUSTEES OF THE MILAN AND DIANA KISER REVOCABLE TRUST DATED AUGUST 19, 2003 ("Defendants"), for their Answer to Counts I and II of the Complaint of Plaintiff CHRIS LANGER, state as follows:

The unnumbered initial paragraph contains legal conclusions, jurisdictional allegations and statements as to the nature of Plaintiffs' claims as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

## PARTIES

1. Defendants lack sufficient information to admit or deny the allegations of paragraph 1 of the Complaint and therefore deny same.

2. Defendants admit that Milan Kiser is a trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003, and that the trust owned the real property located at or about 3002 Barnett Ave., San Diego, California, in September 2017. Defendants deny the remaining allegations of paragraph 2.

3. Defendants admit that Milan Kiser is a trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003, and that the trust currently owns the real property located at or about 3002 Barnett Ave., San Diego, California. Defendants deny the remaining allegations of paragraph 3.

4. Defendants admit that Diana Kiser is a trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003, and that the trust owned the lot where the 1 Stop Smoke Shop and Gour Maine Lobster are located, and the parking lot beside Gour Maine Lobster located at or about 3002 Barnett Ave., San Diego, California, in September 2017. Defendants aver that there is no

2

parking lot in front of the 1 Stop Smoke Shop.  Defendants also aver that the parking lot beside Gour Maine Lobster is private property for tenants only, and is ***not*** for use by 1 Stop Smoke Shop or Gour Maine Lobster customers. Defendants deny the remaining allegations of paragraph 4.

5. Defendants admit that Diana Kiser is a trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003, and that the trust currently owns the lot where the 1 Stop Smoke Shop and Gour Maine Lobster are located, and the parking lot beside Gour Maine Lobster located at or about 3002 Barnett Ave., San Diego, California, in September 2017.  Defendants aver that there is no parking lot in front of the 1 Stop Smoke Shop.  Defendants also aver that the parking lot beside Gour Maine Lobster is private property for tenants only, and is ***not*** for use by 1 Stop Smoke Shop or Gour Maine Lobster customers. Defendants deny the remaining allegations of paragraph 5.

7. Defendants lack sufficient information to admit or deny the allegations of paragraph 7 of the Complaint and therefore deny same.

8. Defendants lack sufficient information to admit or deny the allegations of paragraph 8 of the Complaint and therefore deny same.

9. Defendants lack sufficient information to admit or deny the allegations of paragraph 9 of the Complaint and therefore deny same.

10. Paragraph 10 of the Complaint contains statements concerning unnamed Defendants to which no response is required or appropriate.  To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

### JURISDICTION & VENUE

11. Paragraph 11 of the Complaint contains jurisdictional allegations as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

12. Paragraph 12 of the Complaint contains jurisdictional allegations as to which no

Amended Answer to Complaint

response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

13.     Except to admit that venue is proper in this Court, Paragraph 13 of the Complaint contains jurisdictional allegations as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

14.     Defendants lack sufficient information to admit or deny the allegations of paragraph 14 of the Complaint and therefore deny same.

15.     Defendants lack sufficient information to admit or deny the allegations of paragraph 15 of the Complaint and therefore deny same.

16.     Defendants deny the allegations of paragraph 16 of the Complaint.

17.     Defendants deny the allegations of paragraph 17 of the Complaint.

18.     Defendants deny the allegations of paragraph 18 of the Complaint.

19.     Defendants deny the allegations of paragraph 19 of the Complaint.

20.     Defendants deny the allegations of paragraph 20 of the Complaint.

21.     Defendants deny the allegations of paragraph 21 of the Complaint.

22.     Defendants deny the allegations of paragraph 22 of the Complaint.

23.     Defendants deny the allegations of paragraph 23 of the Complaint.

24.     Defendants deny the allegations of paragraph 24 of the Complaint.

25.     Defendants deny the allegations of paragraph 25 of the Complaint.

26.     Defendants deny the allegations of paragraph 26 of the Complaint.

27.     Defendants deny the allegations of paragraph 27 of the Complaint.

28.     Defendants deny the allegations of paragraph 28 of the Complaint.

29.     Defendants deny the allegations of paragraph 29 of the Complaint.

30.     Defendants lack sufficient information to admit or deny the allegations of paragraph 30 of the Complaint and therefore deny same.

31.     Defendants lack sufficient information to admit or deny the allegations of paragraph 31 of the Complaint and therefore deny same.

32.     Defendants lack sufficient information to admit or deny the allegations of paragraph 32 of the Complaint and therefore deny same.

33.     Defendants lack sufficient information to admit or deny the allegations of paragraph 33 of the Complaint and therefore deny same.

34.     Defendants lack sufficient information to admit or deny the allegations of paragraph 34 of the Complaint and therefore deny same.

35.     Defendants lack sufficient information to admit or deny the allegations of paragraph 35 of the Complaint and therefore deny same.

36.     Defendants lack sufficient information to admit or deny the allegations of paragraph 36 of the Complaint and therefore deny same.

37.     Paragraph 37 of the Complaint contains statements concerning Plaintiff's intention to patronize 1 Stop Smoke Shop or Gour Maine Lobster in the future, to which no response is required or appropriate.  To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

38.     Paragraph 38 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

39.     Paragraph 39 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

40.     Paragraph 40 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

41.     Paragraph 41 of the Complaint contains statements concerning Plaintiff's intention to patronize 1 Stop Smoke Shop or Gour Maine Lobster in the future, to which no response is required or appropriate.  To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

42.     Paragraph 42 of the Complaint contains argument and legal conclusions to which no response is required or appropriate.  To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

43.     Paragraph 43 of the Complaint contains argument and legal conclusions to which no response is required or appropriate.  To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

## I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

44.     Defendants incorporate by reference their responses to paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45.     Paragraph 45 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

46.     Paragraph 46 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

47.     Paragraph 47 of the Complaint contains legal conclusions as to which no response

is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.  Defendants aver that there is no parking lot in front of the 1 Stop Smoke Shop.  Defendants also aver that the parking lot beside Gour Maine Lobster is private property for tenants only, and is not for use by 1 Stop Smoke Shop or Gour Maine Lobster customers.

48.     Paragraph 48 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

49.     Paragraph 49 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.  Defendants aver that there is no parking lot in front of the 1 Stop Smoke Shop.  Defendants also aver that the parking lot beside Gour Maine Lobster is private property for tenants only, and is not for use by 1 Stop Smoke Shop or Gour Maine Lobster customers.

50.     Paragraph 50 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

51.     Paragraph 51 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.  Defendants aver that there is no parking lot in front of the 1 Stop Smoke Shop.  Defendants also aver that the parking lot beside Gour Maine Lobster is private property for tenants only, and is not for use by 1 Stop Smoke Shop or Gour Maine Lobster customers.

////

7

52.     Paragraph 52 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

53.     Paragraph 53 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

54.     Paragraph 54 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

55.     Paragraph 55 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

56.     Paragraph 56 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

57.     Paragraph 57 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

58.     Paragraph 58 of the Complaint contains legal conclusions and statements concerning Plaintiff's intention to patronize 1 Stop Smoke Shop or Gour Maine Lobster in the future, to which no response is required or appropriate.  To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

////

////

## II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH

## CIVIL RIGHTS ACT

59.     Defendants incorporate by reference their responses to paragraphs 1 through 58 of the Complaint as if fully set forth herein.

61.     Paragraph 61 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

62.     Paragraph 62 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

## PRAYER

Defendants deny that Plaintiffs are entitled to any of the relief requested in the Complaint, or to any other relief.  Defendants also deny any allegation not affirmatively admitted.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Complaint, Defendant states the following affirmative and other defenses:

## FIRST DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

## SECOND DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations and/or other statutory or other provisions of law.

## THIRD DEFENSE

All actions taken with respect to Plaintiff were taken in good faith and for legitimate business reasons.

9

### FOURTH DEFENSE

Any conduct directed toward or experienced by Plaintiff was not based on a prohibited category.

### FIFTH DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, because he is estopped as to such claims by his own actions, laches and/or waiver.

### SIXTH DEFENSE

Plaintiff failed to mitigate any alleged damages, any entitlement to which is expressly denied.

### SEVENTH DEFENSE

Defendant did not act with bad faith, evil motive, willfulness, malice or reckless indifference towards Plaintiffs.

### EIGHTH DEFENSE

The applicable law does not entitle Plaintiffs to recover compensatory or punitive damages to some or all of their claims.

### NINTH DEFENSE

Plaintiffs lack standing to bring some or all of the claims asserted herein.

### TENTH DEFENSE

Assuming, arguendo, that any barriers as alleged do exist, their removal is not readily achievable in whole or in part.

### ELEVENTH DEFENSE

Any and all alterations, as defined in Title III of the ADA, made to any facility at issue after January 26, 1992 were made so that to the maximum extent feasible, the altered portion of the facilities, if any, are readily accessible to and usable by individuals with disabilities.

////

**TWELFTH DEFENSE**

The alleged deficiencies asserted in the Complaint are not required to be corrected by applicable law because to do so would constitute an undue burden or would be structurally impracticable in whole or in part.

**THIRTEENTH DEFENSE**

Assuming, arguendo, that any barriers as alleged do exist, their removal is beyond the control or capacity of Defendants and/or are barred by fire or other regulations.

**FOURTEENTH DEFENSE**

The parking lot is not for use by co-defendants' customers and Plaintiff was trespassing on private property at the time of the alleged incident.

**FIFTEENTH DEFENSE**

All actions taken with regard to the design and construction of the property were taken in good faith and for legitimate, lawful business reasons.

**SIXTEENTH DEFENSE**

Defendants reserve the right to assert additional affirmative or other defenses with regard to some or all of Plaintiff's claims.

**COUNTERCLAIM BY DIANA KISER AND MILAN KISER AS TRUSTEES OF THE**

**MILAN AND DIANA KISER REVOCABLE TRUST DATED AUGUST 19, 2003**

**AGAINST CHRIS LANGER AND ROES 1-20 FOR TRESPASS**

1.     The Milan and Diana Kiser Revocable Trust owns the property located at 3002 Barnett Ave., San Diego, California. Milan and Diana Kiser ("Defendants) as trustees, manage the property.

2.     The property consists of commercial and residential units, and includes a private parking lot that is surrounded by a fence with signs posted stating that public parking is prohibited.

11

Parking spaces are only reserved for the tenants of the property.

3.    The commercial space on the property is leased to 1 Stop Smoke Shop and Gour Maine Lobster. No parking spaces are reserved for the patrons of 1 Stop Smoke Shop nor Gour Maine Lobster.

4.    Chris Langer ("Plaintiff") visited the property located at 3002 Barnett Ave., San Diego, California in or about September 2017 and allegedly attempted to patronize 1 Stop Smoke Shop and Gour Maine Lobster.

5.    When doing so, Plaintiff intentionally entered the parking lot and parked his vehicle. Plaintiff knew or should have known that the parking lot was private property.

6.    Plaintiff's entrance onto the property was unauthorized because he did not have permission from the owners, Milan and Diana Kiser ("Defendants") as trustees.

7.    Defendants have the sole right to exclusive possession of the property and to decide who is authorized on the property.

8.    As a result, Plaintiff's unauthorized entry onto the property deprived Defendants and their tenants of exclusive possession of the property and constitutes a trespass.

9.    Plaintiff's trespass onto the private parking lot is the sole cause of Defendants and their tenants' loss of exclusive possession of their property.

10.    Defendants have suffered an amount in damages to be determined at trial.

////

////

////

////

////

////

12

1    WHEREFORE, Defendants respectfully request that the Complaint be dismissed in its

2 entirety, with prejudice, that they are awarded their fees and costs and such other relief as the Court

3 may deem appropriate, and that judgment be rendered for Defendants on their counterclaim against

4

5 Chris Langer and ROES 1-20 in the sum of damages to be determined at trial.

6                                                          SUPPA, TRUCCHI & HENEIN, LLP

7 DATED: June 4, 2018                              By:    /s/ Samy Henein
                                                          Samy Henein, Esq., Attorneys for
8                                                         Defendants and Counterclaimants

# EXHIBIT C

WordPerfect Document Compare Summary

Original document: \\File-server\scans\SAMY\Kiser ADA case\KISER
ADA ANSWER (1).wpd
Revised document:
@PFDesktop\:Nethood\File-server\scans\SAMY\Nick's
files\Kiser\KISER proposed amended answer.wpd
Deletions are shown with the following attributes and color:
     ~~Strikeout~~, Blue  RGB(0,0,255).
     Deleted text is shown as full text.
Insertions are shown with the following attributes and color:
     <u>Double Underline</u>, Redline, Red  RGB(255,0,0).

The document was marked with 16 Deletions, 15 Insertions, 0
Moves.

Samy S. Henein, Esq. (#171356)
SUPPA, TRUCCHI & HENEIN, LLP.
3055 India Street
San Diego, CA  92103-6013
Telephone No. (619) 297-7330

Attorneys for DIANA KISER and MILAN
KISER INDIVIDUALLY AND AS TRUSTEES
OF THE MILAN AND DIANA KISER
REVOCABLE TRUST DATED AUGUST 19,
2003

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Chris Langer, | Case No.: 18-CV0195-BEN-NLS |
| Plaintiff, | |
| v. | **[PROPOSED] FIRST AMENDED ANSWER AND COUNTERCLAIM BY DEFENDANTS MILAN KISER AND DIANA KISER, INDIVIDUALLY AND AS TRUSTEES OF THE MILAN AND DIANA KISER REVOCABLE TRUST DATED AUGUST 19, 2003** |
| Milan Kiser, in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003; Diana Kiser, in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003;Frank P. Rofail; David Matthew Taylor; and Does 1-10, | |
| Defendants. | **JURY TRIAL DEMANDED** |
| | Defendants MILAN KISER and DIANA KISER |
| Milan and Diana Kiser as Trustees of the Milan and Diana Kiser Revocable Trust dated August 19, 2003, | Hon. Roger T. Benitez |
| Counterclaimaints, | |
| v. | |
| Chris Langer; and Roes 1-20, | |
| Counterclaim Defendants. | |

2

Amended Answer to Complaint

Defendants DIANA KISER and MILAN KISER INDIVIDUALLY AND AS TRUSTEES OF THE MILAN AND DIANA KISER REVOCABLE TRUST DATED AUGUST 19, 2003 ("Defendants"), for their Answer to Counts I and II of the Complaint of Plaintiff CHRIS LANGER, state as follows:

The unnumbered initial paragraph contains legal conclusions, jurisdictional allegations and statements as to the nature of Plaintiffs' claims as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

## PARTIES

1. Defendants lack sufficient information to admit or deny the allegations of paragraph 1 of the Complaint and therefore deny same.

2. Defendants admit that Milan Kiser is a trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003, and that the trust owned the real property located at or about 3002 Barnett Ave., San Diego, California, in September 2017.  Defendants deny the remaining allegations of paragraph 2.

3. Defendants admit that Milan Kiser is a trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003, and that the trust currently owns the real property located at or about 3002 Barnett Ave., San Diego, California.  Defendants deny the remaining allegations of paragraph 3.

4. Defendants admit that Diana Kiser is a trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003, and that the trust owned the lot where the 1 Stop Smoke Shop and Gour Maine Lobster are located, and the parking lot beside Gour Maine Lobster located at or about 3002 Barnett Ave., San Diego, California, in September 2017.  Defendants aver that there is no parking lot in front of the 1 Stop Smoke Shop.  Defendants also aver that the parking lot beside

3

Gour Maine Lobster is private property for tenants only, and is ***not*** for use by 1 Stop Smoke Shop or Gour Maine Lobster customers. Defendants deny the remaining allegations of paragraph 4.

5.     Defendants admit that Diana Kiser is a trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003, and that the trust currently owns the lot where the 1 Stop Smoke Shop and Gour Maine Lobster are located, and the parking lot beside Gour Maine Lobster located at or about 3002 Barnett Ave., San Diego, California, in September 2017.  Defendants aver that there is no parking lot in front of the 1 Stop Smoke Shop.  Defendants also aver that the parking lot beside Gour Maine Lobster is private property for tenants only, and is ***not*** for use by 1 Stop Smoke Shop or Gour Maine Lobster customers. Defendants deny the remaining allegations of paragraph 5.

7.     Defendants lack sufficient information to admit or deny the allegations of paragraph 7 of the Complaint and therefore deny same.

8.     Defendants lack sufficient information to admit or deny the allegations of paragraph 8 of the Complaint and therefore deny same.

9.     Defendants lack sufficient information to admit or deny the allegations of paragraph 9 of the Complaint and therefore deny same.

10.     Paragraph 10 of the Complaint contains statements concerning unnamed Defendants to which no response is required or appropriate.  To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

### JURISDICTION & VENUE

11.     Paragraph 11 of the Complaint contains jurisdictional allegations as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

12.     Paragraph 12 of the Complaint contains jurisdictional allegations as to which no response is required or appropriate. To the extent that anything therein is construed as a factual

4

allegation of liability on Defendants' part, Defendants deny said allegations.

13.     Except to admit that venue is proper in this Court, Paragraph 13 of the Complaint contains jurisdictional allegations as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

14.     Defendants lack sufficient information to admit or deny the allegations of paragraph 14 of the Complaint and therefore deny same.

15.     Defendants lack sufficient information to admit or deny the allegations of paragraph 15 of the Complaint and therefore deny same.

16.     Defendants deny the allegations of paragraph 16 of the Complaint.

17.     Defendants deny the allegations of paragraph 17 of the Complaint.

18.     Defendants deny the allegations of paragraph 18 of the Complaint.

19.     Defendants deny the allegations of paragraph 19 of the Complaint.

20.     Defendants deny the allegations of paragraph 20 of the Complaint.

21.     Defendants deny the allegations of paragraph 21 of the Complaint.

22.     Defendants deny the allegations of paragraph 22 of the Complaint.

23.     Defendants deny the allegations of paragraph 23 of the Complaint.

24.     Defendants deny the allegations of paragraph 24 of the Complaint.

25.     Defendants deny the allegations of paragraph 25 of the Complaint.

26.     Defendants deny the allegations of paragraph 26 of the Complaint.

27.     Defendants deny the allegations of paragraph 27 of the Complaint.

28.     Defendants deny the allegations of paragraph 28 of the Complaint.

29.     Defendants deny the allegations of paragraph 29 of the Complaint.

30.     Defendants lack sufficient information to admit or deny the allegations of paragraph

30 of the Complaint and therefore deny same.

31.     Defendants lack sufficient information to admit or deny the allegations of paragraph 31 of the Complaint and therefore deny same.

32.     Defendants lack sufficient information to admit or deny the allegations of paragraph 32 of the Complaint and therefore deny same.

33.     Defendants lack sufficient information to admit or deny the allegations of paragraph 33 of the Complaint and therefore deny same.

34.     Defendants lack sufficient information to admit or deny the allegations of paragraph 34 of the Complaint and therefore deny same.

35.     Defendants lack sufficient information to admit or deny the allegations of paragraph 35 of the Complaint and therefore deny same.

36.     Defendants lack sufficient information to admit or deny the allegations of paragraph 36 of the Complaint and therefore deny same.

37.     Paragraph 37 of the Complaint contains statements concerning Plaintiff's intention to patronize 1 Stop Smoke Shop or Gour Maine Lobster in the future, to which no response is required or appropriate.  To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

38.     Paragraph 38 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

39.     Paragraph 39 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

6

40.     Paragraph 40 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

41.     Paragraph 41 of the Complaint contains statements concerning Plaintiff's intention to patronize 1 Stop Smoke Shop or Gour Maine Lobster in the future, to which no response is required or appropriate.  To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

42.     Paragraph 42 of the Complaint contains argument and legal conclusions to which no response is required or appropriate.  To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

43.     Paragraph 43 of the Complaint contains argument and legal conclusions to which no response is required or appropriate.  To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

## I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS
## WITH DISABILITIES ACT OF 1990

44.     Defendants incorporate by reference their responses to paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45.     Paragraph 45 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

46.     Paragraph 46 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

47.     Paragraph 47 of the Complaint contains legal conclusions as to which no response

7

is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.  Defendants aver that there is no parking lot in front of the 1 Stop Smoke Shop.  Defendants also aver that the parking lot beside Gour Maine Lobster is private property for tenants only, and is not for use by 1 Stop Smoke Shop or Gour Maine Lobster customers.

48.     Paragraph 48 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

49.     Paragraph 49 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.  Defendants aver that there is no parking lot in front of the 1 Stop Smoke Shop.  Defendants also aver that the parking lot beside Gour Maine Lobster is private property for tenants only, and is not for use by 1 Stop Smoke Shop or Gour Maine Lobster customers.

50.     Paragraph 50 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

51.     Paragraph 51 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.  Defendants aver that there is no parking lot in front of the 1 Stop Smoke Shop.  Defendants also aver that the parking lot beside Gour Maine Lobster is private property for tenants only, and is not for use by 1 Stop Smoke Shop or Gour Maine Lobster customers.

////

52.    Paragraph 52of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

53.    Paragraph 53 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

54.    Paragraph 54 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

55.    Paragraph 55 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

56.    Paragraph 56 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

57.    Paragraph 57 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

58.    Paragraph 58 of the Complaint contains legal conclusions and statements concerning Plaintiff's intention to patronize 1 Stop Smoke Shop or Gour Maine Lobster in the future, to which no response is required or appropriate.  To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

////

////

9

*##*

## II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH

## CIVIL RIGHTS ACT

59.     Defendants incorporate by reference their responses to paragraphs 1 through 58 of the Complaint as if fully set forth herein.

61.     Paragraph 61 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

62.     Paragraph 62 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

### PRAYER

Defendants deny that Plaintiffs are entitled to any of the relief requested in the Complaint, or to any other relief.  Defendants also deny any allegation not affirmatively admitted.

### AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Complaint, Defendant states the following affirmative and other defenses:

### FIRST DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

### SECOND DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations and/or other statutory or other provisions of law.

*##*

10

*###*

## THIRD DEFENSE

All actions taken with respect to Plaintiff were taken in good faith and for legitimate business reasons.

## FOURTH DEFENSE

Any conduct directed toward or experienced by Plaintiff was not based on a prohibited category.

## FIFTH DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, because he is estopped as to such claims by his own actions, laches and/or waiver.

## SIXTH DEFENSE

Plaintiff failed to mitigate any alleged damages, any entitlement to which is expressly denied.

## SEVENTH DEFENSE

Defendant did not act with bad faith, evil motive, willfulness, malice or reckless indifference towards Plaintiffs.

## EIGHTH DEFENSE

The applicable law does not entitle Plaintiffs to recover compensatory or punitive damages to some or all of their claims.

## NINTH DEFENSE

Plaintiffs lack standing to bring some or all of the claims asserted herein.

## TENTH DEFENSE

Assuming, arguendo, that any barriers as alleged do exist, their removal is not readily achievable in whole or in part.

*###*

11

## ELEVENTH DEFENSE

Any and all alterations, as defined in Title III of the ADA, made to any facility at issue after January 26, 1992 were made so that to the maximum extent feasible, the altered portion of the facilities, if any, are readily accessible to and usable by individuals with disabilities.

////

## TWELFTH DEFENSE

The alleged deficiencies asserted in the Complaint are not required to be corrected by applicable law because to do so would constitute an undue burden or would be structurally impracticable in whole or in part.

## THIRTEENTH DEFENSE

Assuming, arguendo, that any barriers as alleged do exist, their removal is beyond the control or capacity of Defendants and/or are barred by fire or other regulations.

## FOURTEENTH DEFENSE

The parking lot is not for use by co-defendants' customers and Plaintiff was trespassing on private property at the time of the alleged incident.

## FIFTEENTH DEFENSE

All actions taken with regard to the design and construction of the property were taken in good faith and for legitimate, lawful business reasons.

## SIXTEENTH DEFENSE

Defendants reserve the right to assert additional affirmative or other defenses with regard to some or all of Plaintiff's claims.——

## COUNTERCLAIM BY DIANA KISER AND MILAN KISER AS TRUSTEES OF THE MILAN AND DIANA KISER REVOCABLE TRUST DATED AUGUST 19, 2003 AGAINST

12

**CHRIS LANGER AND ROES 1-20 FOR TRESPASS**

1.      The Milan and Diana Kiser Revocable Trust owns the property located at 3002 Barnett Ave., San Diego, California. Milan and Diana Kiser ("Defendants) as trustees, manage the property.

2.      The property consists of commercial and residential units, and includes a private parking lot that is surrounded by a fence with signs posted stating that public parking is prohibited. Parking spaces are only reserved for the tenants of the property.

3.      The commercial space on the property is leased to 1 Stop Smoke Shop and Gour Maine Lobster. No parking spaces are reserved for the patrons of 1 Stop Smoke Shop nor Gour Maine Lobster.

4.      Chris Langer ("Plaintiff") visited the property located at 3002 Barnett Ave., San Diego, California in or about September 2017 and allegedly attempted to patronize 1 Stop Smoke Shop and Gour Maine Lobster.

5.      When doing so, Plaintiff intentionally entered the parking lot and parked his vehicle. Plaintiff knew or should have known that the parking lot was private property.

6.      Plaintiff's entrance onto the property was unauthorized because he did not have permission from the owners, Milan and Diana Kiser ("Defendants") as trustees.

7.      Defendants have the sole right to exclusive possession of the property and to decide who is authorized on the property.

8.      As a result, Plaintiff's unauthorized entry onto the property deprived Defendants and their tenants of exclusive possession of the property and constitutes a trespass.

9.      Plaintiff's trespass onto the private parking lot is the sole cause of Defendants and their tenants' loss of exclusive possession of their property.

10.     Defendants have suffered an amount in damages to be determined at trial.

13

1    ////

2    ////

3    ////

4    ////

5    ////

6    ////

7    ////

8            WHEREFORE, Defendants respectfully request that the Complaint be dismissed in its

9    entirety, with prejudice, and that they are awarded their fees and costs and such other relief as the

10   Court may deem appropriate.

11

12

13                                          Respectfully submitted,

14   , and that judgment be rendered for Defendants on their counterclaim against Chris Langer and ROES

15   1-20 in the sum of damages to be determined at trial.

16                                          SUPPA, TRUCCHI & HENEIN, LLP

17   DATED: March 26June 4, 2018                    By: s/    /s/ Samy Henein

18

19                                          Samy Henein, Esq.
                                            Attorneys for Defendants

20

21

22

23

24

25

26

27

28

                                      14

**PROOF OF SERVICE**

I, the undersigned, declare that I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to the action; and I am employed in the county of San Diego, State of California, in which county the within-mentioned mailing occurred. My business address is 3055 India Street, San Diego, California, 92103-6013. I am readily familiar with the practices of Suppa, Trucchi & Henein, LLP for the collection and processing of correspondence for mailing with the United States Postal Service, Federal Express, and UPS. Such correspondence is deposited with the United States Postal Service, Federal Express, or UPS the same day in the ordinary course of business. On March 26, 2018, I served via U.S. mail the following documents:

**ANSWER BY DEFENDANT MILAN KISER AND DIANA KISER, INDIVIDUALLY AND AS TRUSTEES OF THE MILAN AND DIANA KISER REVOCABLE TRUST DATED AUGUST 19, 2003**

of which the original document(s), or a true and correct copy, is attached, by placing a copy thereof in a separate envelope for each addressee named hereafter, addressed to each such addressee respectively as follows:

Stephen R. Murphy, Esq.
Law Offices of Beatrice L. Snider, APC
9663 Tierra Grande Ste 301
San Diego, CA 92126

I then sealed each envelope and placed them for collection and mailing on March 26, 2018. I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 26, 2018, at San Diego, California.

_____/s/ Samy Henein_____
SAMY S. HENEIN
, Attorneys for
Defendants and Counterclaimants

**PROOF OF SERVICE**

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to the above-referenced action; I am employed in the City of San Diego, County of San Diego, State of California; and my business address is 3055 India Street, San Diego, California, 92103. I am readily familiar with the practice of SUPPA, TRUCCHI & HENEIN, LLP, of the collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service, Federal Express, Golden State Overnight Mail, or UPS the same day in the ordinary course of business.

On June 4, 2018, I served the foregoing **DECLARATION OF SAMY HENEIN IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIM BY DEFENDANTS MILAN KISER AND DIANA KISER, INDIVIDUALLY AND AS TRUSTEES OF THE MILAN AND DIANA KISER REVOCABLE TRUST DATED AUGUST 19, 2003** of which the original document, or a true and correct copy, is attached by placing a copy thereof in a separate envelope, for the addressee named below, sealing the envelope, and with the postage thereon fully prepaid, placed each for collection and mailing with the US Postal , at the City of San Diego, State of California, following ordinary business practices for each addressee respectively as follows:

Richard A. Higgins
Law Offices of Richard A. Higgins
2560 Alpine Boulevard, Suite 1
Alpine, CA 91901

Isabel Rose Masanque
Phyll Grace
POTTER HANDY
PO Box 9262490
San Diego, CA 92196-2490

I declare under penalty and perjury under the laws of the State of California that the foregoing is true and correct and executed in the City of San Diego, County of San Diego, State of California.

Dated: June 4, 2018                      /s/ Samy Henein
                                          Samy Henein

3

Declaration