FILED

NOV 19 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>    Plaintiff,<br><br>v.<br><br>MILAN KISER, in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003; DIANA KISER, in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003; FRANK P. ROFAIL; DAVID MATTHEW TAYLOR; and DOES 1-10,<br><br>    Defendants. | Case No.: 3:18-cv-00195-BEN-NLS<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO ANSWER AND ADD FIRST COUNTERCLAIM FOR TRESPASS**<br><br>[Doc. No. 14] |

    Currently before the Court is Defendants Milan and Diana Kiser as trustees of the Milan and Diana Kiser Revocable Trust dated August 19, 2003 (collectively, "Defendants") Motion for Leave to Amend Answer and Add First Counterclaim for Trespass. (Doc. No. 14.) Having reviewed the Motion and all related documents, the Court finds the Motion suitable for determination without oral argument. For the reasons set forth below, the Defendants' Motion for Leave to Amend Answer to Add the First Counterclaim for Trespass is **GRANTED**.

## BACKGROUND

Plaintiff Chris Langer ("Plaintiff" or "Langer"), is a paraplegic who uses a wheelchair for mobility. (Doc. No. 1 ¶ 1.) Langer has a disabled person parking placard and a "specially equipped van with a ramp that deploys out of the passenger side." (*Id.*) In September 2017, Langer went to the 1 Stop Smoke Shop and Gour Maine Lobster resturant with the intention of patronizing the businesses. (*Id.* ¶ 14.) Langer alleges that he encountered barriers that prevented him from patronizing the businesses because there were no compliant handicap-accessible parking spaces. (*Id.* ¶¶ 17-19.) Due to the inaccessible condition of the parking lot, Langer argues he was denied "full and equal access" to the property, which caused him "difficulty and frustration." (*Id.* ¶ 28.) Defendants own the allegedly non-complying property on which the 1 Stop Smoke Shop and Gour Maine Lobster operate out of. (*Id.* ¶ 4.)

On January 29, 2018, Langer filed a Complaint in federal court alleging violations of the Americans with Disabilities Act ("ADA"), and the Unruh Civil Rights Act. (Id. ¶¶ 44–60.) Defendants thereafter filed Answers to the Complaint. (*See* Doc. Nos. 7, 8.)

On June 4, 2018, Defendants filed this Motion for Leave to Amend Answer and Add First Counterclaim for Trespass. (Doc. No. 14.) Defendants contend that when Langer attempted to patron the 1 Stop Smoke Shop and Gour Maine Lobster, he "intentionally and knowingly entered" their private parking lot. (*Id.* at 2.) Langer's trespass caused the Defendants and their tenants a loss of exclusive possession of the subject property. (*Id.*)

## LEGAL STANDARD

Before trial, and after the time has elapsed for which a party may amend its pleading as a matter of course, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that: "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Leave to amend under Rule 15(a)(2) should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "has noted on several occasions . . . that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), . . . by freely granting leave to amend

| | |
|---|---|
| 1 | when justice so requires." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. |
| 2 | 1987). "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v.* |
| 3 | *Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health* |
| 4 | *Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). |

## DISCUSSION

In deciding the Motion, the Court must determine whether justice requires granting Defendants leave to amend. Fed. R. Civ. P. 15(a). Courts consider "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment" in deciding whether justice requires granting leave to amend under Rule 15. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 370 U.S. 178, 182 (1962)). Although each factor may warrant consideration, "prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052.

Here, Defendants filed a motion seeking leave to amend their answer and to add a first counterclaim for trespass. Defendants argue leave should be granted because their claim is valid, it is early in the course of this litigation and amending will not result in prejudice to Langer. (Doc. No. 14 at. 1.) Moreover, Defendants assert that Langer's response to the motion indicates he has no objection to the motion being granted. (*See* Doc. No. 17 at 2.)

The Court notes there is no indication that Defendants acted in bad faith by filing the Motion, nor is there any facts that indicate the proposed amendment and counterclaim would be "futile" if granted. Any potential "prejudice" Plaintiff might suffer is minimal at best. Moreover, Defendants Motion is timely as was submitted prior to the June 11, 2018 deadline. The Court finds the Defendants Motion sufficient to permit amendment of the Defendants Answer and to add a First Counterclaim for trespass. Therefore, the Motion is granted.

///

///

## CONCLUSION

Accordingly, for the reasons set forth above, Defendants' Motion is **GRANTED**. The Court grants Defendants leave to Amend Answer and Add First Counterclaim for Trespass within **seven (7) days** of the date of this Order.

**IT IS SO ORDERED.**

DATED: 11/17, 2018

Hon. Roger T. Benitez
United States District Court

4

3:18-cv-00195-BEN-NLS