

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>   Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>MILAN KISER, in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003; DIANA KISER, in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003; FRANK P. ROFAIL; DAVID MATTHEW TAYLOR; and DOES 1-10,<br><br>   Defendants/Counterclaimants. | Case No.: 3:18-cv-00195-BEN-NLS<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO STRIKE; AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Doc. Nos. 21, 24.]** |

  Before the Court is Plaintiff Chris Langer's ("Langer" or "Plaintiff") Motion to Strike (Anti-SLAPP)[1] dated December 12, 2018, and Motion for Summary Judgment dated February 28, 2019. Having reviewed the Motions and all related briefing, the Court finds

---

[1]  SLAPP is an acronym for "strategic lawsuit against public participation." *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010); *see also* Cal. Code Civ. Proc. § 425.16.

the Motions suitable for determination without oral argument, pursuant to Civil Local Rule 7.1.d.1.

For the reasons set forth below, the Plaintiff's Motion to Strike (Anti-SLAPP) is **DENIED**, and Motion for Summary Judgment is **DENIED**.

## BACKGROUND

Plaintiff Chris Langer ("Plaintiff" or "Langer"), is a paraplegic who uses a wheelchair for mobility. (Doc. No. 1 ¶ 1.) Langer has a disabled person parking placard and a "specially equipped van with a ramp that deploys out of the passenger side." (*Id.*) In September 2017, Langer went to the 1 Stop Smoke Shop ("Smoke Shop") and Gour Maine Lobster shop/Wallpaper store ("Lobster Shop") with the intention of patronizing the businesses. (*Id.* ¶ 14.) Langer asserts that he encountered barriers that prevented him from patronizing the businesses because there were no compliant handicap-accessible parking spaces. (*Id.* ¶¶ 17-19.) Due to the inaccessible condition of the parking lot, Langer argues he was denied "full and equal access" to the property, which caused him "difficulty and frustration." (*Id.* ¶ 28.) Defendants own the allegedly non-complying property on which the Smoke Shop and Lobster Shop operate. (*Id.* ¶ 4.)

On January 29, 2018, Langer filed a Complaint in federal court alleging violations of the Americans with Disabilities Act ("ADA"), and the Unruh Civil Rights Act. (Id. ¶¶ 44–60.) Defendants thereafter filed Answers to the Complaint. (*See* Doc. Nos. 7, 8.)

On November 19, 2018, the Court entered an Order granting Defendants Motion for Leave to Amend Answer and Add First Counterclaim for Trespass. (Doc. No. 19.) Defendants filed their Amended Answer on November 21, 2018. (Doc. No. 20.) Defendants contend that when Langer attempted to patronize the Smoke Shop and Lobster Shop, he "intentionally and knowingly entered" their private parking lot. (*Id.* at 2.) Langer's trespass caused the Defendants and their tenants a loss of exclusive possession of the subject property. (*Id.*) Subsequently, on December 12, 2018, Plaintiff filed a Motion to Strike the Amended Answer and Counterclaim, to which Defendants responded and Plaintiff replied. (*See* Doc. Nos. 21-23.)

On February 28, 2019, Plaintiff also filed a Motion for Summary Judgment to which Defendants responded and Plaintiff replied. This Order resolves both Motions.

## DISCUSSION

**I. MOTION TO STRIKE**

"California law provides for the pre-trial dismissal of certain actions, known as Strategic Lawsuits Against Public Participation, or SLAPPs, that 'masquerade as ordinary lawsuits' but are intended to deter ordinary people 'from exercising their political or legal rights or to punish them for doing so.'" *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013) (quoting *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003)). Specifically, the anti-SLAPP statute provides that any "cause of action against a person arising from any act of that person in furtherance of that person's right of ... free speech ... in connection with a public issue shall be subject to a special motion to strike unless the court determines that the plaintiff has established that there is a probability that [he or she] will prevail on the claim." Cal. Civ. Proc. Code § 425.16.

In ruling on an anti-SLAPP motion, the Court engages in a two-step process.[2] "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity." *Hilton v. Hallmark Cards*, 599 F.3d 894, 903 (9th Cir. 2010). If the defendant succeeds in doing so, the

---

[2] To prevail on such a motion, Defendants must make "a threshold showing" that the challenged cause of action, in fact, arises from an act in furtherance of First Amendment rights. *Gallanis-Politis v. Medina*, 152 Cal. App. 4th 600, 609 (2007). The statute defines these acts to include: (1) any written or oral statement or writing made before a legislature, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest. C.C.P. § 425.16(e).

3

burden then shifts to the plaintiff to establish a "reasonable probability" of prevailing on the claim. *Batzel*, 333 F.3d at 1024. That is, the "plaintiff must demonstrate that the complaint is both [1] legally sufficient and [2] supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Hilton*, 599 F.3d at 903 (citing *Wilson v. Parker, Covert & Chidester*, 28 Cal. 4th 811, 821 (2002)).[3] "The applicable burden 'is much like that used in determining a motion for nonsuit or directed verdict, which *mandates dismissal when no reasonable jury could find for the plaintiff.*'" *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 599 (9th Cir. 2010) (citation omitted) (emphasis added). Notably, the court "does not weigh the credibility or comparative probative strength of competing evidence." (*Id.*)

[W]hile the inquiry on the motion to strike may glance at the merits, its central purpose is to provide an added statutory protection from the burdens of litigation that is unavailable during the ultimate merits inquiry." *Makaeff*, 736 F.3d at 1185. Accordingly, to defeat a motion to strike, a plaintiff "need only have 'stated and substantiated a legally sufficient claim.'" *Navellier v. Sletton*, 29 Cal. 4th 82, 88-89 (2002). Stated differently, the plaintiff's cause of action needs only to have "'*minimal merit*'" to survive an anti-SLAPP motion to strike. *Cole v. Meyer & Assoc.*, 206 Cal. App. 4th 1095, 1105 (2012) (emphasis added) (citations omitted). In other words, "the claim should be dismissed if the plaintiff presents an insufficient legal basis for it, or if, on the basis of the facts shown by the plaintiff, 'no reasonable jury could find for the plaintiff.'" *Makaeff*, 715 F.3d at 261 (quoting *Metabolife Int'l, Inc. Wornick*, 264 F.3d

---

[3] "Such [a] test is similar to the one courts make on summary judgment, though not identical. Thus, if a plaintiff has stated a legal claim but has no facts to support it, a defendant could prevail on an anti-SLAPP motion, though he would not have been able to win a motion to dismiss." *Hilton*, 599 F.3d at 902. "To evaluate an anti-SLAPP motion, the court must 'consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.'" *Doe v. Gangland Prods.*, 730 F.3d 946, 953 (9th Cir. 2013) (quoting Cal. Code Civ. Proc. § 425.16(b)(2)).

4

832, 840 (9th Cir. 2001)). If, however, "the court denies an anti-SLAPP motion to strike, the parties continue with discovery."[4] *See* § 425.16(g).

To make a showing under the first prong, plaintiffs need only establish a prima facie case that their alleged actions fell into one of the categories listed in section 425.16, subdivision (e). *Flatley v. Mauro*, 39 Cal. 4th 299, 314 (2006). They may do so by identifying the allegations of protected activity in the complaint and the claims for relief supported by them. (*See Baral v. Schnitt, supra*, 1 Cal. 5th at p. 396, 205 Cal. Rptr. 3d 475, 376 P.3d 604.) As such, while the analysis of the first prong normally focuses on the allegations in the complaint, in this case, because the Defendants' have filed a counterclaim, and this Order pertains to Plaintiff's Motion to Strike, the analysis will focus on the Defendants' counterclaim for trespass.

Here, Plaintiff alleges that his actions arose from acts in furtherance of his right of petition under the United States and California Constitutions in connection with a public issue as defined in section 425.16, subdivision (e)(4).

> "On September 19, 2017, Langer went to the property at 3002 Barnett Ave., San Diego, California. He had multiple reasons for going: (1) to shop at the 1 Stop Smoke Shop, (2) to check on prices and see what was offered at the Gour Maine Lobster, and, (3) to determine if these businesses discriminated against persons with disabilities by failing to provide accessible facilities."

(Doc. No. 21 at 2.)

Plaintiff, an active ADA litigator claims his entering Defendants' property was an act in furtherance of his right of petition since he was investigating to determine if Defendants' businesses "discriminated against persons with disabilities by failing to provide accessible facilities."[5] *Id.* Because these allegations form the sole basis of

---

[4] Once the plaintiff's case has survived the motion, the anti-SLAPP statute no longer applies and the parties proceed to litigate the merits of the action." *Batzel*, 333 F.3d at 1024.
[5] "When Langer arrived at the property, he saw a sign in the window stating that parking for 1 Stop Smoke Shop was located to the left (or West side) of building. ...

Defendants' state law trespass claim, Plaintiff contends the claim arises directly from the activity, which the Plaintiff characterizes as protected.

Conduct in furtherance of the exercise of free speech in connection with a public issue or an issue of public importance qualifies as protected activity under the Anti-SLAPP statute. Cal. Civ. Code § 425.16(e)(4). Defendants need not show that their activities are protected as a matter of law to meet their initial burden; they must only make a *prima facie* showing of constitutional protection. *City of Los Angeles v. Animal Defense League*, 135 Cal. App. 4th 606, 621, 37 Cal. Rptr. 3d 632 (2006) (unless defendant concedes illegality of conduct, "a court must generally presume the validity of the claimed constitutional right in the first step of the anti-SLAPP analysis.") (quotation and citation omitted). It is apparent that Plaintiff's determination that Defendants' property was not in compliance with ADA requirements is a matter of public interest in the subject community, and the challenged conduct is alleged to be petition activity by a disability activist in furtherance of ensuring ADA compliance in San Diego, California. (*See Huntingdon Life Scis., Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App. 4th 1228, 1239.) Accordingly, Plaintiff has met his initial burden on the Special Motion to Strike.

The Defendants must now show a probability of prevailing on their claim of trespass. This Court assesses the procedural standards applicable to an Anti-SLAPP motion. Therefore, the Court assesses Defendant's burden as articulated by the Ninth Circuit in *Hilton*, 599 F.3d at 902 (second stage of Anti-SLAPP analysis is "similar to the

---

drove to the left/West side of building, he saw yet another sign at the front entrance of parking lot that said, 'Smoke Shop Parking' with an arrow pointing into the parking lot. ... Langer drove around that parking lot, looking for a handicap parking space and taking photos from his van. ... Langer also drove his van into the parking lot on the right/East side of the building where the Gour Main Lobster is located. ... The fencing in the front of this parking lot has banner signs for both [Smoke Shop and Lobster Shop] ... Langer circled that parking lot, looking for a handicap parking space and taking photos from his van." (Doc. No. 21 at 2-3.)

6

one courts make on summary judgment, though not identical."). The Court does not assess the sufficiency of a defendant's evidence prior to commencement of discovery but instead looks to whether the trespass claim is supported by a *prima facie* showing of facts to support a judgment in a defendant's favor if its evidence is credited. *Id.* The Court may order additional discovery prior to deciding an Anti-SLAPP motion if good cause is shown. *See, e.g., New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1101-02 (C.D. Cal. 2004) (finding no "direct collision" between Rule 56 and section 425.16 considering the provision allowing for additional discovery when necessary).

As stated *supra*, Defendants have counter-claimed against Plaintiff for trespass. "Trespass is an unlawful interference with possession of property." *Staples v. Hoefke*, 189 Cal. App. 3d 1397, 1406 (1987). The elements of trespass are: (1) the plaintiff's ownership or control of the property; (2) the defendant's intentional, reckless, or negligent entry onto the property; (3) lack of permission for the entry or acts in excess of permission; (4) harm; and (5) the defendant's conduct was a substantial factor in causing the harm. (*See* CACI No. 2000.)

Here, Defendants' counter-claim provides enough evidence to establish a *prima facie* case that Plaintiff's entry on the property was trespassing. (*See* Doc. No. 21 at 11-12.) The Court notes that a "plaintiff 'need only establish that his or her claim has minimal merit to avoid being stricken as a SLAPP)." *Soukup v. Law Offices of Herbert Hafif*, 39 Cal. 4th 260, 291 (2006). Plaintiff attempts to refute Defendants' claim but ultimately falls short of doing so with his Motion to Strike. (*See* Doc. No. 21.) Defendants allege on September 27, 2017, Plaintiff entered, Defendants' property, without authorization. Defendants contend the parking lots were clearly marked as private and not intended for public parking.[6] (Doc. No. 22 at 1.) Plaintiff admits entering

---

[6] "These signs say, 'OPEN PUBLIC PARKING PROHIBITED-NO TRESPASSING-ALL UNAUTHORIZED VEHICLES WILL BE TOWED AT VEHICLE OWNERS EXPENSE'. In addition to the signs and gates outside the lot,

7

"the parking lots and that entry, for however long, was in fact not authorized."[7] *Id.* By entering and remaining on the property for investigative purposes, Plaintiff deprived the Defendants of their full enjoyment of the subject property. Plaintiff claims his presence on the property was protected conduct, Defendants' argue it was not, and "even if it was, the evidence is more than sufficient to establish a *prima facie* case for trespass."[8] (Doc. No. 22 at 1.)

The Court agrees and finds that Defendants have demonstrated the trespass claim is supported by a *prima facie* showing of facts enough to support a judgment in Defendants' favor if the evidence is credited. Therefore, Plaintiff's Special Motion to Strike must be DENIED.

## II. MOTION FOR SUMMARY JUDGMENT

Plaintiff brings two claims against Defendant: (1) violations of the Americans with Disabilities Act and (2) violation of the Unruh Civil Rights Act. (Doc. No. 1.) Under the Unruh Civil Rights Act, "[a] violation of the right of any individual under the [ADA] shall also constitute a violation of this section." Cal. Civ. Code § 51(f). The Court accordingly examines Plaintiff's ADA claim.

---

throughout the inside of the lot, there are multiple signs saying' PRIVATE PROPERTY – NO TRESPASSING'. 'PRIVATE PROPERTY – NO PUBLIC PARKING-TENANTS ONLY". (Doc. No. 22 at 2.)

[7] "These signs say, 'OPEN PUBLIC PARKING PROHIBITED-NO TRESPASSING-ALL UNAUTHORIZED VEHICLES WILL BE TOWED AT VEHICLE OWNERS EXPENSE'. In addition to the signs and gates outside the lot, throughout the inside of the lot, there are multiple signs saying' PRIVATE PROPERTY – NO TRESPASSING'. 'PRIVATE PROPERTY – NO PUBLIC PARKING-TENANTS ONLY". (Doc. No. 22 at 2.)

[8] Plaintiff argues that because he is a paraplegic and an 'active ADA litigator' who was scouting out potential ADA targets he planned on 'hauling' 'into court', to have them penalized, his admitted trespass constitutes activity protected under California's anti-SLAPP statute." (Doc. No. 22 at 1.)

"A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). "The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In determining whether to grant or deny summary judgment, it is not a court's task "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). Rather, a court is entitled to rely on the nonmoving party to "identify with reasonable particularity the evidence that precludes summary judgment." *See id.* "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *City of Pomona*, 750 F.3d at 1049.

### A. <u>Plaintiff's Americans with Disabilities Act Claim</u>

Title III of the ADA prohibits discrimination in public accommodations and states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." *Kohler v. Bed Bath & Beyond of California, LLC*, 780 F.3d 1260, 1263 (9th Cir. 2015) (citation omitted). Although restaurants are places of public accommodation, *see* 42 U.S.C. § 12181(7), the law also recognizes that in "'mixed-use' facilities, where only part of the facility is open to the public, the portion that is closed to the public is not a place of public accommodation and thus is not subject to Title III of the ADA." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1048 (9th Cir. 2008).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [the plaintiff] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was

denied public accommodations by the defendant because of his disability."[9] *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (internal alteration original).

Plaintiff, a paraplegic who cannot walk, meets the ADA definition of a person with a disability. (Doc. No. 24 at 7-8.) Disability under the ADA is defined as "[a] physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1). "Major life activities" include walking and standing. 42 U.S.C. § 12102(2). This element, therefore, is satisfied.

Second, Defendants Milan and Diana Kiser are the trustees of the Milan and Diana Kiser Revocable Trust. (Doc. Nos. 25-26 at 3.) The trust owns the subject property which Defendants claim is a mixed-use property consisting of both residential and commercial units. *Id.* Defendant Frank P. Rofail is the owner and operator of the Smoke Shop. (Doc. No. 1 at 3.) Defendant David Matthew Taylor is the owner and operator of the Lobster Shop. *Id.* It is undisputed that the Smoke Shop and the Lobster Shop are both located on the subject property which is owned by the Milan and Diana Kiser Revocable Trust. It is also undisputed that businesses are sales establishments and, therefore, are places of public accommodation under the ADA. 42 U.S.C. § 12181(7)(E). A reasonable jury would necessarily find that in their various connections to the property, Defendants "own, operate, lease, or lease to a place of public accommodation." Although Defendants may be subject to different restrictions and potential liability, they are all subject to ADA restrictions in some way. As such, Defendants' varying obligations to comply with the ADA are uncontrovertible.

---

[9] The third element is satisfied when there is a violation of applicable accessibility standards. *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). The Title III accessibility standards come in three broad categories: the "new construction" provisions, which apply to public accommodations constructed after January 26, 1992; the "alteration" provisions, which apply to post-January 26, 1992 alterations to buildings that existed as of that date; and the "readily achievable" provisions, which apply to unaltered portions of buildings constructed before January 26, 1992. *See Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011).

Third, a plaintiff can demonstrate that he was denied public accommodations by the defendant because of his disability "if the defendant failed to remove architectural barriers where such removal was readily achievable." *Lozano v. C.A. Martinez Family Ltd. P'ship*, 129 F. Supp. 3d 967, 972 (S.D. Cal. 2015); *see* 42 U.S.C. § 12182(b)(2)(A)(iv). Under the ADA, removing barriers includes "[i]nstalling grab bars in toilet stalls; [r]earranging toilet partitions to increase maneuvering space; [i]nsulating lavatory pipes under sinks to prevent burns; [r]eposition the paper towel dispenser in a bathroom;" and "[c]reating designated accessible parking spaces." 28 C.F.R. § 36.304(b)(12-18). A facility's accessibility is defined in part by the ADA Accessibility Guidelines. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

Plaintiff claims that summary judgment is warranted due to the lack of ADA accessible parking, and paths of travel.[10] (Doc. No. 24 at 9-12.) The Court finds that Plaintiff has not provided sufficient evidence on aspects of this element to warrant summary judgment.

### 1. *Lack of Accessible Parking*

Plaintiff claims there is no genuine dispute that on September 19, 2017, the parking lots on Defendants property lacked ADA compliant parking spaces. (Doc. No. 24.)

Places of public accommodation must have accessible parking stalls with an access aisle adjacent to them. 1991 ADAAG § 4.1.2 (5) (a) & (b); 2010 ADAAG § 502.2. Standard accessible parking stalls can have a 60-inch wide access aisle while van accessible stalls must have a 96-inch wide access aisle. *Id.*

---

[10] Both of the barriers, Plaintiff contends, impede his ability to fully patronize the property in contravention of the ADA. (Doc. No. 24 at 9-12.) Plaintiff also moves for summary judgment as to his claim under the Unruh Civil Rights Act, which incorporates the provisions of the ADA by providing, in pertinent part, that: "[a] violation of the right of any individual under the federal [ADA] shall also constitute a violation of [the Unruh Civil Rights Act]." Cal. Civ. Code § 51(f). California Civil Code § 52(a) sets a minimum of $4,000 in damages for each violation of the Unruh Civil Rights Act.

11

3:18-cv-00195-BEN-NLS

In support of his Motion, Plaintiff uses photos of what he purports to be the Defendants' property consisting of the Smoke Shop, Lobster Shop and both parking lots on September 27, 2017. (Doc. No. 24, Ex. 1-4.) Plaintiff also provides photos taken by his investigators Evan Louis on December 20, 2017, and Zion Sapien on September 10, 2018, of Defendants' property, all purporting to show that both parking lots lacked ADA compliant parking spaces. (*See* Doc. No. 24.)

Defendants contend that on September 27, 2017, the subject property was a "'mixed-use' facility" providing parking ONLY for residential tenants, the auto shop located next to the West Parking lot, and one spot each for the Smoke Shop and Lobster Shop owner\employee. (Doc. Nos. 25, 26 at 8-10.) Defendants further assert that the parking lots contain signage indicating "Private Property-No Trespass", "Private Property – No public Parking," and "Open Public Parking Prohibited – No Trespassing." *Id.* Moreover, Defendants argue that the signage which Plaintiff and his investigators allege proves the Smoke Shop and Lobster Shop offered customer parking on the aforementioned parking lots do not say or indicate what Plaintiff claims. *Id.* at 7-8. Specifically, Plaintiff submitted photos which he claims establishes the property is a place of public accommodation and demonstrates there was customer parking available for patrons of the Smoke Shop and Lobster Shop in the parking lots. Defendants dispute Plaintiff's contentions arguing that just because there are signs on the East parking lot fence containing the name of the businesses does not mean that the parking lots behind the fence are a place of public accommodation. Moreover, the signs in the window do not point to any parking lot. Furthermore, the sign on the sidewalk "points to the alley." (Doc. Nos. 25, 26 at 7.) Finally, Defendants allege the photos taken by Plaintiff's investigators are no less deceptive. "Mr. Zapien states he saw a sign indicating a whole row of parking for the Lobster Shop in the East lot." *Id.* (Doc. No. 24, Louis Dec. ¶7, Plaintiff's Ex. 4:8). However, the photo that Mr. Zapien references show a "sign inside the lot, pointing outside of the lot, towards the street," it does not indicate a "row of parking for the Lobster Shop and Wallpaper Shop." *Id.* As to Mr. Louis's assertion that

12

his photos show "a sign in the parking lot indicating parking for the 1 Stop Smoke Shop" and a sign in the window of the Smoke Shop stating "PARKING with an arrow pointing left" towards the West lot, both are equally misleading because none of the signs show that the West log belongs to the Smoke Shop. (Doc. No. 24, Plaintiff's Ex. 4.; Doc. Nos. 25, 26 at 7.)

The Court finds a genuine dispute here. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Similarly here, determining Defendants' respective liability and whether or not the parking lot conditions violated the ADA are "jury functions." *Id.* The contrast between Plaintiff's and Defendants' photos of the lots as well as conflicting declarations fail to "establish the absence of a genuine issue of material fact." *Celotex*, 477 U.S. 323. Defendants' declarations about the parking lot conditions in February 2017 directly conflict with allegations in Plaintiff's Complaint. Moreover, both parties offered photographic evidence of the Smoke Shop and Lobster Shop and the photos greatly differ. There remains a genuine dispute as to material facts, whether Defendants provide customer parking, and if they do, whether they failed to provide ADA compliant parking in February 2017.

With regards to the Plaintiff's cause of action regarding a lack of ADA compliant parking spaces in both lots, Plaintiff's Motion for Summary Judgment is DENIED.

*2. Lack of Accessible Paths of Travel*

Plaintiff also claims that the Lobster Shop violated the ADA by not providing accessible paths of travel. (Doc. No. 24 at 11-12.) Under the ADA, places of public accommodation must provide an accessible path of travel connecting all buildings, facilities, elements and spaces within the same site. 1991 Standards § 4.3.2(2); 2010 Standards § 206.2.2. Places of public accommodation must also provide an accessible route within the boundary of a site from the accessible parking spaces to the accessible

13

3:18-cv-00195-BEN-NLS

building entrance the parking spaces serve. 1991 Standards § 4.3.2.(1); 2010 Standards § 206.2.1. To be ADA-compliant, an accessible path of travel must be at least thirty-six inches wide, except at doorways. 1991 Standards § 4.3.3; 2010 Standards § 403.5.1. Further, when the path of travel provides a side approach to the hinge side of an outward-swinging door, the minimum permissible width of the path of travel is either fifty-four or sixty inches, depending on the amount of clearance on the latch side of the door. 1991 Standards § 4.13.6 (Fig. 25); 2010 Standards § 404.2.4.1.

Additionally, Plaintiff asserts Defendants did not provide ADA-compliant merchandise aisles inside the Lobster Shop. (Doc. No. 24 at 12.) Specifically, "Plaintiff's investigator found that the merchandise aisles inside the Lobster Shop narrowed to less than 36 inches in width. *Id.* Defendants dispute this claim arguing that the photos taken by Plaintiff's investigator Evens Louis do not show any paths of travel with a width of less than 36". (Doc. Nos. 25, 26 at 9.)

The width of the Lobster Shop aisles in September 2017 is genuinely disputed. Plaintiff has not met his burden of "establishing the absence of a genuine issue of material fact" regarding the width of the aisles in September 2017. *Celotex*, 477 U.S. at 323. Although Plaintiff provides a personally sworn declaration and photos from his investigator, Evens Louis, Plaintiff does not include any measurements of the aisles. Moreover, the photos the Plaintiff provided make the aisles appear reasonable and in compliance with ADA requirements. (*See* Doc. No. 24.)

Defendants argue that Plaintiff "never encountered any barriers in the parking lots" and therefore he lacks standing to sue to have any other alleged barriers removed. (Doc. Nos. 25, 26 at 9-10.) Defendants also argue that because "there were no non-compliant paths of travel as of the court-mandated site inspection," Plaintiff's claim is moot.[11] *Id.*

---

[11] "Because a private plaintiff can sue only for injunctive relief under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of

14

Given the persuasive evidence on both sides, a reasonable jury could return a verdict for the Defendants. *Anderson*, 477 U.S. at 249 (internal citations omitted). The Court finds that a jury must determine Plaintiff's credibility and decide whether his claim has merit.

With regards to Plaintiff's claims regarding lack of accessible paths of travel, Plaintiffs Motion for Summary Judgment is DENIED.

B. <u>Plaintiff's Unruh Civil Rights Act Claim</u>

Plaintiff's claims under the Unruh Civil Rights Act are based on his contention that Defendants violated the ADA. (Doc. No. 24 at 12.) Therefore, Plaintiff's Motion for Summary Judgment on his Unruh Civil Rights Act Claim is DENIED as to the parking, and paths of travel allegations.

## CONCLUSION

Accordingly, for the reasons set forth above, Plaintiff's Motion to Strike is **DENIED** and Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

DATED: 8/23, 2019

Hon. Roger T. Benitez
United States District Court

---

mooting a plaintiff's ADA claim. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011).

15