1  Samy S. Henein, Esq. (#171356)
   SUPPA, TRUCCHI & HENEIN, LLP.
2  3055 India Street
   San Diego, CA 92103-6013
3  Telephone No. (619) 297-7330

4  Attorneys for DIANA KISER and
   MILAN KISER INDIVIDUALLY AND
5  AS TRUSTEES OF THE MILAN AND
   DIANA KISER REVOCABLE TRUST
6  DATED AUGUST 19, 2003

7

8

9                    **UNITED STATES DISTRICT COURT**

10                 **SOUTHERN DISTRICT OF CALIFORNIA**

11

   Chris Langer,                          ) Case No.: 18-CV0195 BEN NLS
12                                         )
              Plaintiff,                   )
13                                         )
   v.                                      )
14                                         ) **DEFENDANTS MILAN AND**
   Milan Kiser, in individual and         ) **DIANA KISER'S MEMORANDUM**
15 representative capacity as trustee of the ) **OF POINTS AND AUTHORITIES**
   Milan and Diana Kiser                  ) **IN SUPPORT OF MOTION FOR**
16 Revocable Trust dated August 19, 2003; ) **AWARD OF ATTORNEYS FEES**
   Diana Kiser, in individual and         ) **AND COSTS AGAINST**
17 representative capacity as trustee of the ) **PLAINTIFF CHRIS LANGER**
   Milan and Diana Kiser Revocable Trust  )
18 dated August 19, 2003;Frank P. Rofail; ) Date: March 22, 2021
   David Matthew Taylor; and Does         ) Time: 10:30 a.m.
19 1-10,                                   ) Ctrm: 5A
                                           )
20            Defendants.                  )
   _____       )
21 Milan and Diana Kiser as Trustees of the ) Hon. Roger T. Benitez
   Milan and Diana Kiser Revocable Trust  )
22 dated August 19, 2003,                 )
                                           )
23                                         )
              Counterclaimaints,           )
24 v.                                      )
                                           )
25 Chris Langer; and Roes 1-20,           )
                                           )
26            Counterclaim Defendants.     )
   _____       )
27

28
   _____

Defendants MILAN KISER and DIANA KISER, individually and as trustees of the Milan and Diana Kiser Revocable Trust dated August 19, 2003, (Defendants) respectfully submit the following Memorandum of Points and Authorities in support of the present motion for attorneys and costs against Plaintiff CHRIS LANGER (Plaintiff):

# I

# INTRODUCTION

The Court's Findings of Fact, Conclusions, and Order of Dismissal was filed on February 1, 2021.  The Court held that "Plaintiff failed to carry his burden of proof as to the ADA claim because the East Lot is not a place of public accommodation, and even if it was, Plaintiff was not denied equal access. Defendants are the prevailing party as to the ADA claim, and the Clerk of the Court shall enter judgment in their favor. See, e.g., FED. R. CIV. P. 54(d)(1) (allowing courts to award costs to the prevailing party in a case); CRST Van Expedited, Inc. v. E.E.O.C., 136 S. Ct. 1642, 1651 (2016) (holding "that a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party'" and "has . . . fulfilled its primary objective whenever the plaintiff's challenge is rebuffed"); 42 U.S.C. § 12205 (providing that in an ADA action, "the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs"). The Court declines the invitation to exercise supplemental jurisdiction over Plaintiff's UCRA state law claim and Defendants' counterclaim for trespass arising under California law. Accordingly, these claims are DISMISSED WITHOUT PREJUDICE."

In reaching its decision, the Court found the East Lot was not a place of public accommodation, and that Plaintiff's testimony was not credible, including on the issue of an intent to return to the property.  The Court determined that the East Lot was not a place of public accommodation based on the photographs, the lease agreement and the testimony by Mr. Taylor and Mr. Kiser.  The Court determined Plaintiff's testimony

1  was not credible based on his demeanor, that his testimony appeared rehearsed, that he

2  was evasive on cross-examination, and the numerous inconsistent statements at the trial

3  and in various court filings.

4      As discussed below, Plaintiff's claim was frivolous, unreasonable or without

5  foundation.  Therefore, Defendants should be awarded their attorneys fees and costs

6  pursuant to 42 U.S.C. § 12205.

7                                          **II**

8                                    **DISCUSSION**

9  **A.   Defendants are entitled fee and cost awards in ADA cases where the action**

10      **was  frivolous, unreasonable or without foundation.**

11      In the United States, a prevailing litigant ordinarily may not collect attorneys'

12  fees from the losing party. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y., 421 U.S.

13  240, 247, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975). An exception to the general rule

14  exists where a statute or other rule allows the prevailing party to collect such fees. Id.

15  at 257.The ADA expressly provides, "[i]n any action commenced pursuant to this

16  chapter, the court . . . in its discretion, may allow the prevailing party . . . a reasonable

17  attorneys' fee, including litigation expenses and costs." 42 U.S.C. § 12205. The Ninth

18  Circuit has stated that such fees are appropriate for claims where "[t]he plaintiff's action

19  was frivolous, unreasonable or without foundation." Summers v. A. Teichert & Son,

20  Inc., 127 F.3d 1150, 1154 (9th Cir. 1997) (citing Christiansburg Garment Co. v. EEOC,

21  434 U.S 412, 421, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978)).  The Ninth Circuit has

22  applied the same standard to the award of costs under the ADA. Estate of Martin v. Cal.

23  VA, 560 F.3d 1042, 1052 (9th Cir. 2009).

24  **B.   Plaintiff's claims were frivolous, unreasonable or without foundation.**

25      Plaintiff's claims were frivolous, unreasonable or without foundation *ab initio*.

26  The fact that the parking lot was not a place of public accommodation was obvious.

27  There were plenty of reasons why he had to know, or at least he knew enough that he

28  _____

1   should further inquire.  As the Court found, Defendants did not offer parking in the East

2   Lot to anyone other than their tenants as indicated by the following:

3       (1) lack of signs advertising that vehicles driving by should enter and park inside

4   the East Lot;

5       (2) two signs on each side of the gate to the East Lot, stating that open public

6   parking was prohibited;

7       (3) numerous signs inside the East Lot, stating that parking was for tenants;

8       (4) numbers on each space, indicating each space was assigned; and

9       (5) the arrow on the sign within the East Lot that said "Parking" above the word

10  "Lobster" is pointing down and to the left and does not indicate that customers should

11  park directly in front of the sign.

12      Plaintiff saw the signs prohibiting public parking on the gate to the East Lot as

13  he drove through the gate providing access to the East Lot, he saw the numerous signs

14  inside the lot stating that parking was for tenants only, and he saw that the spaces were

15  numbered.  Also, before suit was filed, Plaintiff's experts specifically photographed the

16  numerous signs "No Public Parking Signs" and "Tenant Parking Only Signs".   If

17  Plaintiff didn't see the signs when he went onto the property, he or his attorneys

18  certainly saw them before he filed suit.  Thus, Plaintiff had to or should have known *ab*

19  *initio* that the East Lot was *not* a place of public accommodation based on just the

20  signs.  Moreover, under the lease agreement between Defendants and Mr. Taylor, Mr.

21  Taylor was allocated parking space number one, which was for his use and not the use

22  of guests or customers. Plaintiff ignored this too.  Plaintiff filed and maintained this

23  action despite the numerous signs and the lease.

24      Plaintiff also filed and maintained this action despite the fact that he did not have

25  a genuine intent to return to the property.  As the Court found, "over the course of the

26  past eighteen (18) years, Plaintiff has been a plaintiff in 1,498 federal lawsuits.  This

27  extensive litigation history coupled with Plaintiff's inability to recall details about the

28

businesses involved and allegations made, including whether he intended to return to those businesses, weighs against Plaintiff with respect to the credibility of this professed intent to return. *To the contrary, the Court finds that, at the time he filed suit, Mr. Langer did not intend to return to the Property (at least to purchase lobster).* The Court finds that Plaintiff's purpose in visiting the Property was to identify potential ADA violations, not to actually purchase lobster or patronize the Smoke Shop." [italics added]

A frivolous action is one that "lacks an arguable basis in law or in fact, though it need not be brought in bad faith." Peters v. Winco Foods, Inc., 320 F.Supp.2d 1035, 1037 (E.D. Cal. 2004), aff'd, 151 Fed.Appx. 549 (9th Cir. 2005) (internal citations omitted). A plaintiff's suit may also be deemed frivolous, and thereby subject him to attorneys' fees, if he continues to litigate a case after realizing it lacks factual substance. Id.

The evidence and the Court's findings establish that Plaintiff's claims were frivolous, unreasonable, or without foundation from the outset, yet he pursued the claims regardless of the merits of his case.  Plaintiff knew or should have known that the East Lot was not a place of public accommodation, and he of course knew that he did not have a genuine intention to return to the property.   The Court should have no trouble finding that Plaintiff's ADA claims were frivolous and unreasonable given that the property was clearly marked as private property, and at the time he filed suit, Plaintiff did not genuinely intend to return to the Property.  Plaintiff's claim was not only frivolous or unreasonable, it was brought in bad faith.

**C.     The amount of fees claimed is both reasonable and justified by the time records.**

Once a court decides that attorneys' fees are warranted, it must then determine what amount of fees is reasonable. City of Burlington v. Dague, 505 U.S. 557, 559, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). The court begins by calculating the lodestar

DEFENDANTS MILAN AND DIANA KISER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS AGAINST PLAINTIFF CHRIS LANGER

5

1   amount, which is the number of hours reasonably expended on the litigation multiplied

2   by a reasonable hourly fee. Sorenson v. Mink, 239 F.3d 1140, 1149 n.4 (9th Cir. 2001).

3   The fee applicant bears the burden of substantiating the hours worked and the rates

4   claimed. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40

5   (1983).

6         The lodestar amount is strongly presumed to be reasonable. City of Burlington,

7   505 U.S. at 562.  However, courts may adjust the lodestar upward or downward based

8   on facts not subsumed in the initial lodestar calculation. Sorenson, 239 F.3d at 1149

9   n.4. The amount of reasonable attorneys' fees is "committed to the sound discretion of

10  a trial judge." Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 130 S. Ct. 1662, 1676,

11  176 L. Ed. 2d 494 (2010).

12        The fees sought in this case are based on the hourly rates charged by defense

13  counsel. The hours charged and the services rendered are fully documented in the

14  contemporaneous time records submitted with this motion. Furthermore, the hourly

15  rates sought are, if anything, well below the standard rates charged by experienced

16  attorneys in this region.

17  ////

18  ////

19  ////

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

27

28

1
2

### III

### CONCLUSION

3       Plaintiff knew he never intended to return to the property, therefore, his claim for
4   injunctive relief under the ADA was patently frivolous, unreasonable or without
5   foundation.  Plaintiff also lacked any basis for his claim that the parking lot was a place
6   of public accommodation.  For all of the reasons set forth above, Defendants request
7   that the Court grant the present motion and award them their attorneys fees and costs
8   against Plaintiff.

9                                               Respectfully submitted,

10                                              SUPPA, TRUCCHI & HENEIN, LLP

11   DATE: February 16, 2021            By: /s/ Samy Henein
                                             Samy Henein, Esq.
12                                           Attorneys for Defendants

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
_____

**PROOF OF SERVICE**

I am over the age of 18 and not a party to this case. My business address is 3055 India Street San Diego, CA 92103-6013 The foregoing document will be served by the court via NEF and hyperlink to the document. On February 16, 2021, I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Isabel Rose Masanque
Email: isabelm@potterhandy.com

Bradley Alan Smith
Email: bradleys@potterhandy.com

Christopher A. Seabock
Email: ChrisS@potterhandy.com

Russell C Handy
Email: russ@potterhandy.com

James Boyd
boydcrimelaw@gmail.com,

Richard Arthur Higgins
Email: richard@rahiggins.net

I declare under penalty of perjury under the laws of the United States of America that the statements made in this proof of service are true and correct.

DATE: February 16, 2021          By: /s/ Samy Henein
                                        Samy Henein, Esq.