CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister, Jr., Esq., SBN 111282
Dennis Price, Esq. SBN 279082
8033 Linda Vista Rd, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
DennisP@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**, | Case No. 3:18-cv-00195-BEN-AHG |
| Plaintiff, | **Plaintiff's Opposition to Bill of Costs** |
| v. | |
| **Milan Kiser,** in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003; | |
| **Diana Kiser,** in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003; | **Honorable Roger Benitez** |
| Does 1-10, | |
| Defendants. | |

Objection to Bill of Costs          Case No. 3:18-cv-00195-BEN-AHG

On February 16, 2021, following the court's judgment dated February 1, 2021, Defendant filed a bill of costs in this matter. Plaintiff objects that this request to tax costs is improper.

## II.  Costs are not allowed a matter of right in civil rights litigation

In federal court, FRCP 54 controls an award of costs, and FRCP 54(d) provides that a prevailing party is entitled to cost as a general principle "unless a federal statute...provides otherwise." Civil rights litigation, and specifically ADA litigation, is an area of law where FRCP 54(d) is preempted by statute, 42 U.S.C. § 12205. The Ninth Circuit has interpreted that cost shifting applies an identical test as defendant prevailing party fee shifting: the *Christiansburg* test.

> "Attorney's fees under § 12205 should be awarded to a prevailing defendant only if "'the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir.1997) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)). Because § 12205 makes fees and costs parallel, we hold that the *Christiansburg* test also applies to an award of costs to a prevailing defendant under the ADA."

*Brown v. Lucky Stores, Inc.* (9th Cir. 2001) 246 F.3d 1182, 1190

This decision has been consistently followed within the Ninth Circuit, and is consistent with state law fee shifting. The *Molski* case goes to great lengths to explain the rationale and differences in the various fee shifting paradigms that come into play in disability rights litigation. *Molski v. Arciero Wine Group* (2008) 164 Cal.App.4th 786, 791-792.

There is simply no contrary authority that permits an award of fees to a prevailing defendant in these circumstances.

Objection to Bill of Costs                    Case No. 3:18-cv-00195-BEN-AHG

### III.   The Court has not made a *Christiansburg* finding and as such costs cannot be awarded

*Christiansburg* fee shifting is not something that can be done post-hoc and only applies in exceptional circumstances.

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

*Christiansburg Garment Co. v. Equal Employment Opportunity Commission* (1978) 434 U.S. 412, 421–422.

Despite the court's invitation to allow Defendants to seek costs in this matter, it has done so in error, failing to make any requisite *Christiansburg* finding.[1] Further, had it attempted to, it could not. The trial record demonstrated a clear basis for the claim despite the loss, as its own findings of fact providing an objective rationale for Plaintiff's claims at the outset of litigation. "The East Lot had one designated handicap spot, which did not include a handicap access aisle to its right." (Docket 92, pg 3, lns 22-23) is a concession that the prima facie case that a barrier existed was well-founded. Virtually the entire basis for the finding in favor of

---

[1] The Court cites *CRST Van Expedited, Inc. v. E.E.O.C* (2016) 136 S.Ct. 1642 favorably for the proposition that a Defendant may seek costs without obtaining a decision on the merits. However, this is inapposite this case, as the court did reach the merits of the claim and further, *CRST* did not replace the *Christiansburg* test, but merely extended it in a way inapplicable to this matter.

Objection to Bill of Costs        Case No. 3:18-cv-00195-BEN-AHG

Defendants was based on a lease agreement that could not have been known to Plaintiff at the time of filing.

The court cites no authority that makes Langer's claim objectively unreasonable at the time of filing and makes several findings of fact and references to evidence that allowed Langer to believe he had a valid claim, including but not limited to the admitted lack of accessibility at the time of filing, the testimony from the Defendant that customers sometimes used the parking lot and reference to a sign that indicated parking in the challenged lot (though disagreeing that it referred to that lot.)

## IV.  Conclusion

Rule 54(d) does not control an award of costs in civil rights litigation and the court has not make sufficient findings to enable the clerk to tax costs. As such, costs should not be awarded.

Dated: February 23, 2021          CENTER FOR DISABILITY ACCESS

By:__/s/ Dennis Price_____
Dennis Price
Attorney for Plaintiff

Objection to Bill of Costs          Case No. 3:18-cv-00195-BEN-AHG