CENTER FOR DISABILITY ACCESS
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq., SBN 171771
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
    phylg@potterhandy.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**, | **Case:** 3:18-cv-00195-BEN-NLS |
| Plaintiff, | **Plaintiff's Opposition to the Motion for Attorney's Fees of Defendants** |
| v. | |
| **Milan Kiser,** in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003; | **Date:** March 22, 2021<br>**Time:** 10:30 a.m.<br>**Ctrm:** 5A |
| **Diana Kiser,** in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003; | Hon. Roger T. Benitez |
| Defendants. | |
| _____ | |
| **Milan and Diana Kiser,** as trustees of the Milan and Diana Kiser Revocable Trust dated August 19, 2003, | |
| Counterclaimants, | |
| v. | |
| **Chris Langer**, an individual; and Roes 1-20, | |
| Counterclaim Defendants. | |

1

# **TABLE OF CONTENTS**

2

3    TABLE OF CONTENTS..............................................................................i

4    TABLE OF AUTHORITIES.....................................................................ii

5

I.    Preliminary statement..................................................................1

6

II.   The standard for awarding attorneys' fees or costs to
       prevailing defendants in an ADA case. ........................................1

7

8

III.  Langer's ADA claim that the failure to provide accessible
       parking in the east lot had both factual and legal support.
       While the weight of evidence presented at trial
9
       ultimately convinced the Court that the east lot was not
       open to the public, this does not mean that Langer's
10
       claims lacked factual or legal support. ........................................2

11

IV.  Neither the Court's "doubt" about Langer's intent to
12
       return to the property, nor the Court's discussion about
       what constitutes a "legitimate" reason for returning to
13
       the property alter the fact that Langer had factual
       support for his claim. ...................................................................4

14

V.    Conclusion ....................................................................................7

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Oppo to Motion for Fees                Case: 3:18-cv-00195-BEN-NLS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*Brown v. Lucky Stores, Inc.,*
> 246 F.3d 1182 (9th Cir. 2001) ............................................................1

*Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, '*
> 434 U.S. 412, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978) ......................1

*Houston v. Marod Supermarkets, Inc.,*
> 733 F.3d 1323 (11th Cir. 2013) ........................................................6

*Kohler v. Flava Enterprises, Inc.,*
> 779 F.3d 1016 (9th Cir. 2015) .........................................................2

*Summers v. A. Teichert & Son, Inc.,*
> 127 F.3d 1150 (9th Cir.1997) ............................................................1

**Statutes**

42 U.S.C. § 12182(a) ......................................................................3

Oppo to Motion for Fees                    Case: 3:18-cv-00195-BEN-NLS

## I.   Preliminary statement

A prevailing defendant in an ADA case can only recover fees in truly "exceptional" cases—cases where the claims are frivolous, lacking a foundation in fact or law. Here, Kiser argues that Langer's case was such a frivolous case because (A) the Court found the east lot was not a public accommodation and (B) Langer did not prove a genuine intent to return. But neither finding transmutes the case to a frivolous one. Langer had both factual and legal support for his claims, although he ultimately failed to carry his burden at trial. There is no basis to award attorney's fees to Kiser.

## II.   The standard for awarding attorneys' fees or costs to prevailing defendants in an ADA case.

The Ninth Circuit has repeatedly held that attorneys' fees, litigation expenses and costs should only be awarded to prevailing defendants where the plaintiff's case was "frivolous, unreasonable, or without foundation."[1] In so holding, the Ninth Circuit applied the "*Christiansburg* test."[2] The Supreme Court held in *Christiansburg* that "assessing attorney's fees against plaintiffs simply because they do not finally prevail" would "undercut the efforts of Congress to promote the vigorous enforcement" of civil rights.[3] The mere fact that a plaintiff "did not ultimately prevail," does not mean that the case was "unreasonable or without foundation."[4] Thus, a fee award to a prevailing

---

[1] *See, e.g., Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001); *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir.1997).

[2] *Brown*, 246 F.3d at 1190.

[3] *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648 (1978).

[4] *Christiansburg*, 434 U.S. at 422.

Oppo to Motion for Fees                    Case: 3:18-cv-00195-BEN-NLS

defendant is only seen in "exceptional circumstances."[5] Here, Kiser is not entitled to an award of attorney's fees and costs because Langer's claims were not frivolous, i.e., they had both factual and legal support.

**III.   Langer's ADA claim that the failure to provide accessible parking in the east lot had both factual and legal support. While the weight of evidence presented at trial ultimately convinced the Court that the east lot was not open to the public, this does not mean that Langer's claims lacked factual or legal support.**

After considering the lease agreement, and the testimony of the property owners/lessors, this Court determined that the parking lot was not a place of public accommodation. But Langer's legal and factual claims nonetheless had merit and support. As a foundational matter, it should be noted that Langer never claimed that the east lot (or any parking lot at the site) was a place of public accommodation. Langer claimed that the *businesses* were places of public accommodation and that parking was one of the privileges offered to the customers.

There is no question that the 1 Stop Smoke Shop and the Gour Maine Lobster shop ("Lobster Shop") are retail-sales businesses open to the public and, therefore, qualify as "public accommodations" as that term is defined by the ADA.[6] No one argued differently and the Court did not find otherwise. Additionally, it undisputed that the Kiser defendants owned the property and leased it to these businesses.

Under the ADA, those who own and operate such business, and the people who lease to them, are responsible to ensure that persons with disabilities enjoy the full and equal enjoyment of any facility or privilege that

---

[5] *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1020 (9th Cir. 2015).
[6] *See* 42 U.S.C. § 12181(7)(E).

is made available to customers.[7] Thus, the legal and factual question presented in this case was whether the public accommodation, i.e., the Lobster Shop, offered parking to its customers. And on this fee motion, the inquiry is even more permissive: it is whether there was *any factual support* for the claim that the Lobster Shop offered parking to its customers. An examination of the evidence demonstrates that there was solid, admissible evidence to support the claim.

Here, the business owner himself, Mr. Taylor, testified at trial that on the date that Langer went to the Lobster Shop, "the front gate to the East Lot was open all the time, and it was common for customers to pull into East Lot and park if there were available parking spots," and that during that very time period, "he had two spots available for customers, and they could use either the East Lot by parking in spot number one or twenty-two on the other side of the lot."[8] Taylor further testified that "on the day Plaintiff took his photograph on September 19, 2017, a customer would not have been trespassing if he parked in parking space number one."[9]

Thus, there is no question that, at a minimum, there was clear factual support for Langer's claim that parking was one of the facilities or privileges being offered to customers of the Lobster Shop when he visited. The fact that the Lobster Shop may have been acting in violation of a private agreement with the landlord or that the Lobster Shop should not have been offering this parking, does not change the fact that the Lobster Shop was offering parking and Langer had factual support for his claim.

---

[7] 42 U.S.C. § 12182(a).

[8] Findings of Fact/Conclusions of Law (Docket Entry 92), p. 11, lines 16-21.

[9] Findings of Fact/Conclusions of Law (Docket Entry 92), p. 11, lines 21-22

Oppo to Motion for Fees                    Case: 3:18-cv-00195-BEN-NLS

In short, Langer had a non-frivolous claim that (1) the public accommodation (the Lobster Shop) was offering parking privileges to its customers but failing to provide *accessible* parking; (2) that the Kiser defendants were lessors to this public accommodation; and (3) that this was a violation of the ADA. The fact that Langer's non-frivolous claim did not prevail after a trial on the merits does not transmute the claim into a frivolous one. Given that the owner of the public accommodation *himself* testified at trial that he was offering parking to his customers, it can hardly be said that Langer's claim (about this same fact) lacked factual foundation. There is no basis to award attorney's fees to Kiser on this issue.

## IV. Neither the Court's "doubt" about Langer's intent to return to the property, nor the Court's discussion about what constitutes a "legitimate" reason for returning to the property alter the fact that Langer had factual support for his claim.

Kiser also argues that it is entitled to fees because "Plaintiff also filed and maintained this action despite the fact that he did not have a genuine intent to return to the property."[10] The Court issued findings on this topic that appear to be contradictory but can be harmonized with a correct understanding of the law.

First, as cited by Kiser, the Court found: "the Court finds that, at the time he filed suit, Mr. Langer did not intend to return to the Property **(at least to purchase lobster)**. The Court finds that Plaintiff's purpose in visiting the Property was to identify potential ADA violations, not to actually purchase lobster or patronize the Smoke Shop."[11] But, also, the Court held that a "critical aspect of standing in ADA cases is the legitimacy of plaintiff's intent to return

---

[10] Defense PNA (Docket Entry 94-1), p. 4, lines 24-25.

[11] Findings of Fact/Conclusions of Law (Docket Entry 92), p. 18, lines 7-11 (emphasis added).

to the business sued" and that Langer did in fact establish his standing because although the Court doubted Langer's credibility, "he nonetheless stated he intended to return both in his complaint as well as at trial."[12]

In other words, the Court held that Langer could not establish standing unless he demonstrated an intent to return and, although the Court expressed its reservations about Langer's evidence, ultimately found that Langer had established such standing, i.e., intent to return. But this would seem to contradict the Court's statement that "Langer did not intend to return to the Property (at least to purchase lobster)." These contradictions can be harmonized.

Even if were true that Langer's reason for going to the Lobster Shop (and for returning in the future) were to find ADA violations (and then to later see if they still existed), instead of being driven by a naked hunger for lobster flesh, Langer would still enjoy standing and his ADA claim would have merit.

The Ninth Circuit has held that ADA "testers"—folks actively looking for non-complying businesses—have full standing. In *Civ. Rights Educ.*, the Ninth Circuit had to grapple with the question of "whether a plaintiff has constitutional standing where her only motivation for visiting a facility is to test it for ADA compliance."[13] After a thorough analysis of the various circuits that have found that ADA plaintiffs have "tester" standing, the Ninth Circuit found "as a matter of first impression, a plaintiff suing under Title III of the ADA can claim tester standing; plaintiffs' status as testers, rather than bona fide hotel patrons, [does] not deprive them of standing."[14] And the reason is

---

[12] Findings of Fact/Conclusions of Law (Docket Entry 92), p. 26, fn. 16.

[13] *Civ. Rights Educ. and Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1096 (9th Cir. 2017).

[14] *Civ. Rights Educ.*, 867 F.3d at 1093.

simple: "motivation is irrelevant to the question of standing under Title III of the ADA."[15]

And this makes sense. Regardless of the reason for going to a public place, a person with a disability has a right to be free from discrimination and to enjoy barrier-free facilities. It is no defense to an unlawful-discrimination charge to cry, "but you were looking for a violation" or "you were hoping we broke the law."

One of the cases that the Ninth Circuit found persuasive in reaching its tester-standing decision was *Houston v. Marod*. There, the *Houston* court held: "the tester motive behind [plaintiff's] *past and future visits* to the Presidente Supermarket does not preclude his having standing to sue for invasions of his legal rights."[16]

Here, Langer testified that he went to the Lobster Shop (and the Smoke Shop) to buy their products. Langer is the world's foremost expert on his own motivations and intentions. His admissible testimony may not have persuaded the trier of fact, but it remains solid and admissible evidence. Langer's testimony may not have carried the day at trial, but the argument that Langer did not have any facts to support his claim about an intent to return is inane.

Moreover, one thing that no one doubted or contested was that Langer had at least one reason for patronizing the Smoke Shop and Lobster Shop: as an ADA tester, looking for law breaking businesses with the intent to haul them into court. And, according to the Ninth Circuit, even if the plaintiff's *sole* motive for initially visiting the business and his *sole* motive for making a future visit is a tester motive, he still has standing. It could even be argued that the fact that the plaintiff is a tester and has an extensive litigation history as a

---

[15] *Civ. Rights Educ.*, 867 F.3d at 1102.

[16] *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1332 (11th Cir. 2013). (emphasis added).

veteran tester supports his claim that he will return. Aside from the near-universal enjoyment of eating lobster, Langer has an important *litigation* reason to return: to have standing. This is an entirely appropriate motivation and it stands independent of proximity or preference as a person who is motivated to ensure compliance will drive further and patronize even places he may not have a "preference" for.

In any event, not only did Langer have factual support for claiming an intent to return (his own testimony) but the Court actually found that Langer had submitted sufficient evidence of an intent to return to establish standing. Thus, the mere fact that Langer did not prevail at trial, does not mean that his claimed lacked factual or legal support.

## V.  Conclusion

As the Supreme Court has held, the mere fact that a plaintiff "did not ultimately prevail," does not mean that the case was "unreasonable or without foundation."[17] Here, Langer had a sound legal theory and solid factual support for his claim that parking was a privilege offered to customers and that he had standing to bring the case. The motion for attorney's fees and litigation expenses should be denied.

Dated: March 4, 2020          CENTER FOR DISABILITY ACCESS

By:   /s/ Russell Handy
Russell Handy, Esq.
Attorneys for Plaintiff

---

[17] *Christiansburg*, 434 U.S. at 422.