FILED

APR 0 6 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>           Plaintiff,<br><br>           v.<br><br>MILAN KISER, in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003; DIANA KISER, in individual and representative capacity as trustee of the Milan and Diana Kiser Revocable Trust dated August 19, 2003,<br><br>           Defendants. | ) Case No.: 3:18-cv-00195-BEN-NLS<br>)<br>)<br>) **ORDER DENYING DEFENDANTS'**<br>) **MOTION FOR ATTORNEY'S FEES**<br>) *WITHOUT PREJUDICE* **UNTIL**<br>) **CONCLUSION OF APPEAL**<br>)<br>) **[ECF No. 94, 101, 102]**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## I.   INTRODUCTION

Plaintiff Chris Langer ("Plaintiff") brought this action under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et. seq.* (the "ADA"), and California's Unruh Civil Rights Act, CAL. CIV. CODE, §§ 51-53 (the "UCRA"), against Defendants Milan and Diana Kiser, as individuals and in their representative capacities as trustees of the Milan and Diana Kiser Revocable Trust dated August 19, 2003 (collectively, "Defendants"). Complaint, ECF No. 1 ("Compl."). After a bench trial, the Court entered judgment against Plaintiff on his claim under the ADA and declined to exercise supplemental jurisdiction over all other claims. ECF No. 93.

Before the Court is Defendants' Motion for Attorney's Fees and Costs (the "Motion"). ECF No. 94. The Motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 103. After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES** Defendants' Motion for Attorneys' Fees *Without Prejudice* to Defendants re-filing the motion after resolution of the pending appeal.

## II.   BACKGROUND

On February 1, 2021, the Court entered its Findings of Fact and Conclusions of Law, which included a detailed recitation of facts, which the Court incorporates herein. Findings of Fact and Conclusions of Law, ECF No. 92 ("FFCL"); *see also Langer v. Kiser*, No. 3:18-cv-00195-BEN-NLS, 2021 WL 321972, at *1 (S.D. Cal. Feb. 1, 2021). The Court held that Plaintiff failed to carry his burden of proof as to the ADA claim because the property that he alleged violated the ADA was private property rather than a place of public accommodation, and even if it was a place of public accommodation, Plaintiff had not been denied equal access. FFCL at 34. The Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims as well as Defendants' counterclaim for trespass. *Id.* at 33:22-34:3. Thus, it held that Defendants were the prevailing party as to the ADA claim and instructed the Clerk of the Court to enter judgment in their favor.[1] *Id.* at 34. That same day, the Clerk of the Court entered judgment accordingly. *See* ECF No. 93.

On February 16, 2021, Defendants also submitted their Bill of Costs in the amount of $991.10, ECF No. 95 at 1, and also timely filed their Motion for Attorneys' Fees, seeking $40,768.75 in attorney's fees, ECF No. 94. *See* FED. R. CIV. P. 54(d)(2)(B)

---

[1] Although the Court did not expressly state that it awarded costs because it found the case frivolous under *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978), the reason it awarded costs to Defendants was because it did, in fact, find Plaintiff's case to be frivolous, as indicated by the detailed factual findings and conclusions in the Court's Findings of Fact and Conclusions of Law.

(requiring a motion for attorney's fees to "be filed no later than 14 days after the entry of judgment"). Defendants submitted contemporaneous time records of their counsel, Samy Henein, disclosing a total of 148.25 hours devoted to this matter at Mr. Henein's billing rate of $275.00 per hour. *Id.* at 2:20-24. Defendants argue that they should receive their attorney's fees because "Plaintiff's claims were frivolous, unreasonable or without foundation *ab initio*" given "[t]he fact that the parking lot was not a place of public accommodation was obvious." Motion, ECF No. 94-1 ("Mot.") at 3:25-26.

On February 23, 2021, Plaintiff filed an Objection to Defendants' Bill of Costs. ECF No. 96. That same day, Plaintiff opposed Defendant's Motion for Attorney's Fees and Costs arguing that there is no basis for the Court to award Defendants their fees because he "had both factual and legal support for his claims, although he ultimately failed to carry his burden at trial." Opposition, ECF No. 101 ("Oppo.") at 4:2-9.

Six days later, on March 1, 2021, Plaintiff filed a Notice of Appeal, which advised that the principal issues proposed to be raised on appeal were whether the Court (1) properly applied the law to the facts admitted at trial; (2) admitted improper character evidence; and (3) erred in awarding costs without making a finding under *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). ECF No. 97.

On March 11, 2021, Defendants filed a reply brief, arguing that because "[t]he evidence that the lot was not a place of public accommodation was obvious," it was unreasonable for Plaintiff to maintain this lawsuit. ECF No. 102 at 2:15-16.

## III.   DISCUSSION

The Ninth Circuit Court of Appeals has "jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291; *see also Wakefield v. Thompson*, 177 F.3d 1160, 1162 (9th Cir. 1999). "A ruling is final for purposes of § 1291 if it (1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter." *Reed v. Lieurance*, 863 F.3d 1196, 1212 (9th Cir. 2017). Where a party files a motion for attorney's fees before a notice of appeal has been filed, as was the case here, the Court retains discretion to rule on the

-3-

motion even if another party subsequently appeals the underlying judgment. FED. R. CIV. P. 58(e), 59(e).  In such a scenario, the Notice of Appeal becomes effective to appeal a judgment once the order disposing of the fee motion is entered. FED. R. APP. P. 4(a)(4). However, although a district court has the ability to rule on a motion for attorney's fees during the pendency of an appeal, it also maintains the discretion to deny the motion *without prejudice* so that it may "revisit the question of an award of attorney fees, if appropriate, following the resolution of [an] appeal." *See, e.g., id.* at 1212-13 (holding that the Ninth Circuit lacked jurisdiction to review the district court's denial without prejudice to the defendants' fees motion where "[t]he district court clearly intended to revisit the question of an award of attorney fees" following the appeal).

On March 19, 2021, the Ninth Circuit decided the case of *Green v. Mercy Hous., Inc.*, No. 20-15134, 2021 WL 1049460 (9th Cir. Mar. 19, 2021), where the plaintiff, like Plaintiff here, cited to *Christianburg* and argued "that the district court abused its discretion in taxing costs to Mercy Housing without first determining that Green's claim was 'frivolous, unreasonable, or groundless.'" *Id.* at *1.  The Ninth Circuit noted that it had "not previously addressed whether the *Christiansburg* standard applies to the Fair Housing Act." *Id.*   However, in an issue of first impression, it held "that it does." *Id.*  Given cases involving the *Christianburg* standard have been held to apply to civil rights cases involving both the Fair Housing Act and ADA, the Court finds that this recent holding may apply to this case.  However, the holding, although requiring the Court to find a case frivolous in order to award costs does not explicitly state what the district court must say in its order in order to satisfy the requirements under *Green.*

Thus, this Court exercises its discretion to deny Defendants' Motion for Attorney's Fees *without prejudice* to Defendants re-filing the motion after conclusion of the pending appeal, as set forth below.

## IV.   CONCLUSION

For the above reasons, the Court rules as follows:

1.      Defendants' Motion for Attorneys' Fees and Costs is **DENIED WITHOUT**

1    ***PREJUDICE*** to Defendants re-filing the same motion after resolution of Plaintiff's

2    pending appeal.

3        2.    If Defendants re-file their motion, it shall be filed within thirty (30) days of

4    any decision from the Ninth Circuit. If the parties so desire, they may file a document

5    simply referring the Court to the ECF Number of their original briefing (*i.e.*, motion,

6    opposition, and reply brief) rather than submitting new briefing.

7        **IT IS SO ORDERED.**

8    DATED:    April 5, 2021

9                                                    _____

                                                    **HON. ROGER T. BENITEZ**

10                                                   United States District Judge